

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. PD-0917-12

### CRYSTAL YVETTE ROBERSON, Appellant

### v.

### THE STATE OF TEXAS

### ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE FIRST COURT OF APPEALS
### HARRIS COUNTY

JOHNSON, J., delivered the opinion of the Court in which KELLER, P.J., and MEYERS, PRICE, KEASLER, HERVEY, and ALCALÁ, JJ., joined. WOMACK and COCHRAN, JJ., concurred.

### O P I N I O N

Appellant was charged by indictment with aggravated assault by using a deadly weapon, namely, a knife. The indictment also included allegations that appellant previously had been convicted of two felony offenses. After finding appellant "guilty of aggravated assault, as charged in the indictment," the jury found the enhancement paragraphs true and assessed punishment of thirty years' confinement in the institutional division of the Texas Department of Criminal Justice. On direct appeal, the court of appeals affirmed the judgment of the trial court. We granted appellant's petition for discretionary review. *Roberson v. State*, 371 S.W.3d 557 (Tex. App.—Houston [1st

Dist.] 2012). We affirm the judgment of the court of appeals.

On direct appeal, appellant raised several claims, including a claim that the evidence was legally insufficient to support the jury's finding that the second enhancement paragraph was true: that paragraph should not have been used to enhance her punishment range because the alleged offense did not occur in the sequence alleged in the indictment. The court of appeals held that the evidence supported the enhancement of appellant's sentence under the habitual-offender statute and affirmed the judgment of the trial court. *Id*.

We granted appellant's petition for discretionary review, which presented a single question for review: whether the opinion of the majority of the First Court of Appeals erroneously relied on an unpublished memorandum opinion as controlling precedent rather than on a published opinion from the Fourteenth Court of Appeals that involved the same issue regarding enhanced sentences and finality of the convictions in enhancement paragraphs. Appellant's question for review also suggests that the majority opinion in the court of appeals appears to contradict this Court's subsequent adoption of the rationale of the Fourteenth Court of Appeals. We affirm the judgment of the court of appeals.

## I. Facts

The record reflects that, at the beginning of the punishment proceedings and outside of the presence of the jury, appellant's attorney announced that she had "an objection to the enhancement paragraph as it's stated on the indictment." She stated that her objection was based upon the fact that the second enhancement paragraph's conviction date "is actually before the conviction date on the first enhancement paragraph[.]" After hearing argument from the attorneys representing the parties, the trial court "duly noted and overruled" appellant's objection. Thereafter, before the jury, appellant

plead "true" to the two enhancement allegations as they were read from the indictment. In so reading, the prosecutor switched the order of the enhancement paragraphs, first reading the allegation in the second enhancement paragraph that appellant had committed aggravated assault and was finally convicted of that offense on August 28, 1989, and then reading the allegation in the first enhancement paragraph that appellant had committed possession with intent to deliver a controlled substance and was finally convicted of that offense on July 8, 1991. The prosecutor also stated that the conviction alleged in the first enhancement paragraph became final after the conviction alleged in the second enhancement paragraph. After the state presented evidence in support of the prior convictions—including penitentiary packets, all the testimony and evidence that was presented in the guilt phase, the reading of the jury charge, and argument to jurors—the jury found both enhancement allegations true and assessed punishment at thirty years' imprisonment.

## II. Court of Appeals Opinion

On direct appeal, appellant claimed that the evidence was legally insufficient to support the jury's finding that the second enhancement paragraph was true because that paragraph should not have been used to enhance her punishment range because the alleged offense did not occur in the sequence alleged in the indictment. Appellant stressed that the enhancements, as plead in the indictment, would have required her to be finally convicted of the felony of possession with intent to deliver a controlled substance on July 7, 1991, and after that conviction, to have committed and been convicted of the felony of aggravated assault on August 28, 1989, some two years earlier. Brief for Appellant on direct appeal at 5. She further asserted, "This is an impossibility; the State's chronology or sequence of convictions in the enhancement paragraphs is defective and incapable of being proved by any standard." *Id*. Appellant claimed that the evidence was insufficient to support

the jury's finding of true to the second enhancement paragraph because the offense did not occur, and could not have occurred, in the sequence alleged in the indictment. *Roberson v. State*, 371 S.W.3d at 560.

The court of appeals affirmed the judgment of the trial court holding that the evidence was sufficient to support the enhancement of appellant's sentence under the habitual-offender statute and that the trial court did not err in applying the habitual-offender statute to enhance appellant's sentence. *Roberson v. State*, 371 S.W.3d at 560-61. It determined that the record affirmatively shows that appellant's prior convictions met the statutory chronology requirements for habitual-offender punishment and were final and noted that "[t]he order in which the State alleges prior convictions in the indictment is not an element of the crime and does not determine finality." *Id*. at 560. The court of appeals also noted that appellant's objection at trial to the faulty enhancement allegations "obviates any contention that she was misled by the error." *Id*. at 561.

## III. Appellant's Question for Review

Appellant's sole question for review asks, "Whether the First Court of Appeals (Majority Opinion) erroneously relied on an unpublished memorandum opinion as controlling precedent rather than a published opinion[1] from the Fourteenth Court of Appeals involving the same issue regarding sequencing and finality of enhancement paragraphs, and[] which Majority Opinion appears to be contradictory to this Court's adoption of the rationale of *Mikel* in *Ex parte Rich*[,] 194 S.W.3d 508 (Tex. Crim. App. 2008)."

## IV. Arguments

Appellant points to the wording of the two enhancement paragraphs. The first paragraph

---

[1] *Mikel v. State*, 167 S.W.3d 556 (Tex. App.—Houston [14th Dist.] 2005).

alleged that

> [b]efore the commission of the offense alleged above, (hereafter styled the primary offense), on JULY 8, 1991, in Cause Number 0590710, in the 177[TH] DISTRICT COURT of HARRIS County, Texas, the Defendant was convicted of the felony of POSSESSION WITH INTENT TO DELIVER A CONTROLLED SUBSTANCE.

The second enhancement paragraph alleged that

> [b]efore the commission of the primary offense, and after the conviction in Cause Number 0590710 was final, the Defendant committed the felony of AGGRAVATED ASSAULT and was finally convicted of that offense on AUGUST 28, 1989, in Cause Number 475567, in the 232[ND] DISTRICT COURT of HARRIS County, Texas.

Appellant also points to the enhancement allegations and asserts that "it is a factual impossibility in time or chronology for the second previous offense to have been committed and become final in 1989 after the first previous offense alleged to have been committed and become final in 1991." She asserts that, because of this factual and chronological impossibility, it was improper for her to be sentenced with a punishment range of twenty-five to ninety-nine years or life in prison as a habitual offender. She also suggests that her thirty-year sentence, "which is in excess of the twenty-five year minimum of the habitual-offender statute, is 'illegal' or void." Appellant's Brief on the Merits at 13. Appellant also asserts that it is unknowable whether the jury, had it not been permitted to use the second prior conviction as an enhancement paragraph, would have sentenced her to a thirty-year term of confinement. She insists that, had the jury been able to use only one enhancement paragraph in assessing sentence, it is possible that the jury would have sentenced her to a minimum of five years in prison because her second-degree felony would have been enhanced with only a single prior felony conviction, thereby expanding the punishment range to that of a non-habitual first-degree felony—imprisonment for from five to ninety-nine years or life.

Appellant also argues that the court of appeals, in denying her requested relief and failing to

address the issue of the legally insufficient evidence regarding the second enhancement paragraph due to the impossibility of the alleged sequence of prior convictions, erroneously relied on the unpublished memorandum opinion in *Wilson v. State*, No. 14-03-00182-CR, 2004 Tex. App. LEXIS 9286 (Tex. App.—Houston [14th Dist.] October 21, 2004, no pet.). Appellant maintains that the court of appeals should have relied on the published opinion of *Mikel v. State*, 167 S.W.3d 556 (Tex. App.—Houston [14th Dist.] 2005, no pet.), which addresses similar issues involving the sequencing and finality of prior convictions alleged in enhancement paragraphs, for the disposition of her challenge to the punishment enhancement allegations that did not occur in the sequence alleged in the indictment. She also suggests that this Court, in *Ex parte Rich*, 194 S.W.3d 508, 513 (Tex. Crim. App. 2006), determined that a defendant may raise a claim of an illegal sentence for the first time on a writ of habeas corpus, despite having plead "true" to the enhancement paragraphs, which should likewise permit her, by analogy, to raise her complaint about the enhancement paragraphs despite having plead "true."

The state acknowledges that "[c]learly the enhancement paragraphs were alleged in reverse order and appellant's 1991 conviction did not happen before her 1989 conviction." State's Response to Petitioner's Brief on Discretionary Review at 8. It asserts that appellant's plea of true to an enhancement paragraph forfeits her right to complain that the evidence is insufficient to support it unless the record affirmatively reflects that the prior conviction should not have been used for enhancement. It insists that "mere mistakes in the sequencing of enhancement paragraphs is not evidence that the enhancement could not be used, and the record affirmatively reflected that appellant's prior convictions were final and met the sequentiality requirements for enhancement under that habitual-offender statute." *Id*. at 11. Succinctly, the state argues that "[t]he court of

appeals properly concluded that pleading the sentencing enhancement paragraphs in reverse order, although rendering the second enhancement chronologically impossible, did not cause the second enhancement itself to be improper and preclude the application of the habitual-offender statute[.]" *Id*.

The state points out that, prior to trial, appellant was given written notice of its intent to use appellant's prior convictions for enhancement purposes, the offenses it intended to use, dates of conviction, and the county, court, and cause number of each felony conviction. It contends that the evidence proves that: both of the offenses that were alleged for enhancement purposes were final before the primary offense was committed; and the offense in the second paragraph, aggravated assault, was committed and the conviction was final before the offense in the first paragraph, possession of a controlled substance was committed. It asserts that the evidence at trial proved that appellant is a habitual offender: both enhancement paragraphs are true and satisfy the statutory sequence, even though the paragraphs are in the incorrect sequence in the indictment. It maintains that, because the record does not affirmatively reflect that appellant plead "true" to a prior conviction that was ineligible for use under the habitual-offender statute, nor that the commission of her second prior conviction occurred before her first prior conviction became final, nor that her enhancement under the habitual-offender statute was improper, she forfeited her right to contest the evidentiary sufficiency of her sentence by pleading "true" to the enhancement paragraphs in the indictment.

Citing *Freda v. State*, 704 S.W.2d 41, 42 (Tex. Crim. App. 1986) and *Hollins v. State*, 571 S.W.2d 873, 876-77 (Tex. Crim. App. 1978), the state asserts that the purpose of the enhancement paragraphs is to provide notice of the prior convictions relied upon by the state for enhancement purposes and that it is not necessary to allege the prior convictions with the same particularity as

must be used in charging the primary offense. It notes that the test is whether the accused has been misled to his or her prejudice and asserts that appellant was not so misled and has not argued that she was so misled. The state points out that appellant's sole objection at trial was that the enhancement paragraphs were "faulty" and should be "flipped," and it agrees with the court of appeals that appellant's objection "obviates any contention that she was misled by the error." *Roberson v. State*, 371 S.W.3d at 561.

## V. Analysis

Appellant's question for review includes assertions that the court of appeals erroneously relied on the unpublished memorandum opinion of *Wilson v. State*, *supra*, as controlling precedent. The court of appeals cited and made comparisons to the unpublished *Wilson* opinion. *Roberson*, 371 S.W.3d at 560-61. The court of appeals was justified in citing that unpublished opinion, as is permissible pursuant to Texas Rule of Appellate Procedure 47.7(a), which provides that "[o]pinions and memorandum opinions not designated for publication by the court of appeals . . . have no precedential value but may be cited with the notation, '(not designated for publication).'" The court of appeals did include "not designated for publication" in its citation to *Wilson*, and its discussion of *Wilson* appears to have been more comparative and illustrative rather than viewing *Wilson* as precedential authority. Appellant's complaints are directed more at the court of appeals's holding that the trial court did not err in applying the habitual-offender statutory enhancement, which was in agreement with the disposition in *Wilson*. We see no error in the court of appeals's treatment of *Wilson* in reaching its holding in this case.

Appellant's legal claim concerns the sufficiency of the evidence of the enhancement

allegations, specifically the second one.[2] In *Ex parte Rich*, 194 S.W.3d at 513, we determined that the applicant's plea of "true" to enhancement allegations did not preclude him from raising, for the first time in a writ of habeas corpus, a claim of an illegal sentence based on an improper enhancement when one of the prior convictions to which Rich plead "true" was actually a misdemeanor and had been improperly used to enhance his sentence. We noted the general rule that a plea of true to an enhancement paragraph relieves the state of its burden to prove a prior conviction alleged for enhancement and forfeits the right to appeal the insufficiency of evidence to prove the prior conviction, but recognized an exception when the record affirmatively reflects that the enhancement itself was improper. *Id*. We recognized that the exception originated in *Sanders v. State*, 785 S.W.2d 445, 448 (Tex. App.—San Antonio 1990, no pet.).

In *Sanders*, following the jury's guilty verdict, the defendant plead "true" to an enhancement paragraph that alleged a single prior and final felony conviction. It was subsequently determined that the alleged prior felony was not final prior to the commission of the charged offense and thus could not be used to enhance punishment, in spite of the plea of true. *Id*. at 448.

Nevertheless, we observe that neither *Rich* nor *Sanders* involved the sufficiency of the evidence to prove the alleged sequence of enhancement allegations. In *Rich*, 194 S.W.3d at 511-12, we pointed out that, because one of the convictions that had been used to enhance Rich's punishment had been reduced to a misdemeanor, as a matter of law that prior conviction could not be used to

---

[2] Appellant suggests that she may have plead "true" to only one of the two enhancement allegations. But the record reflects that the trial court asked whether she plead "true" or "not true" to the enhancement, and both enhancement allegations had just been read. Appellant plead "true," and the trial court, without objection, confirmed entry of "a plea of true to *those enhancements*." (Emphasis added.) At trial, appellant did not make any claim that she had plead "true" to only one of the two enhancement allegations. Therefore appellant failed to preserve for appellate review such a claim, and we decline to address it. *See* TEX. R. APP. P. 33.1. And because of our determination that the evidence was sufficient to support the jury's verdict finding the enhancement allegations to be true, any issue regarding her plea of "true" is moot.

sentence him as a habitual offender. He was therefore sentenced in violation of the law, and such an illegal sentence was challengeable by a writ of habeas corpus. *Sanders* involved an enhancement allegation that could not be used to enhance punishment because the conviction was not final before the charged offense was committed.

In *Mikel v. State*, 167 S.W.3d at 558-59, the Fourteenth Court of Appeals determined that a second enhancement paragraph was not true and should not have been used to enhance the defendant's punishment range to that of a habitual offender. The court, while acknowledging that generally a plea of true to an enhancement paragraph relieves the state of the burden of proving such enhancement and precludes the defendant from complaining on appeal that the evidence is insufficient to support such enhancement, recognized the narrow exception created by *Sanders*, *supra*, which provides that "[i]f the record 'affirmatively reflects' that a prior conviction was *not final*, then the conviction cannot be used to enhance punishment, *even though* the defendant pled 'true' to the enhancement paragraph." *Id*. at 559. Discussing *Sanders*, the Fourteenth Court of Appeals confirmed that, "when a defendant pleads true to an enhancement paragraph, but the record affirmatively reflects that the prior conviction was *not final* for enhancement purposes, the 'interest of justice' requires the reviewing court to consider the error." *Id*. The Fourteenth Court of Appeals also noted that another court of appeals, in the unpublished opinion of *Cruz v. State*, No. 01-00-00463-CR, 2001 WL 1168273, at *1 (Tex. App.—Houston [1ˢᵗ Dist.] Oct. 4, 2001, no pet.), expanded the *Sanders* exception, applying it not only to cases in which a non-final conviction was improperly used to enhance punishment, but to any case in which a defendant plead "true" to an enhancement allegation and the record affirmatively reflects that the prior conviction could not have been used for enhancement purposes. *Id*. The *Mikel* court determined that the second enhancement

paragraph should not have been used to enhance Mikel's punishment range to that of a habitual offender because the offenses did not occur in the sequence alleged in the indictment and considered Mikel's sufficiency challenge despite his plea of "true" at punishment. *Id*. at 560. Ultimately, the Fourteenth Court of Appeals held that the evidence was legally insufficient to prove the allegations in the second enhancement paragraph because no rational trier of fact could have found beyond a reasonable doubt that the allegations in the second enhancement paragraph were true. *Id*.

We observe that, in *Mikel*, the first enhancement paragraph alleged that Mikel was convicted of "the felony of attempted possession with intent to distribute marijuana" on May 23, 2002, while the second enhancement paragraph alleged that, after the conviction in the first enhancement offense was final, Mikel committed the felony offense of escape and was finally convicted of that second offense on February 9, 2000. *Id*. at 558. The *Mikel* court pointed out that the indictment for the attempted-possession offense alleged a date of commission of "on or about" January 30, 2000, but that Mikel was not finally convicted of the attempted-possession offense until May 23, 2002. The judgment that supported the escape offense shows that that offense was committed on February 7, 2000, and that the conviction became final two days later, on February 9, 2000. The court of appeals noted that, although the attempted-possession offense became final after the escape offense, it was committed before the escape offense, and it was therefore factually impossible for the attempted-possession offense to have been committed after the escape conviction became final on February 9, 2000. *Id*. at 559, n.2. Thus, in *Mikel*, the record evidence, rather than the enhancement-paragraph allegations, were determinative of the impossibility of the required sequencing of the prior convictions.

Texas Penal Code section 12.42(d), describing the penalty for habitual felony offenders

generally, provides that

> if it is shown on the trial of a felony offense other than a state jail felony punishable under Section 12.35(a) that the defendant has previously been finally convicted of two felony offenses, and the second previous felony conviction is for an offense that occurred subsequent to the first previous conviction having become final, on conviction the defendant shall be punished by imprisonment . . . for life, or for any term of not more than 99 years or less than 25 years.

In *Jordan v. State*, 256 S.W.3d 286, 290-91 (Tex. Crim. App. 2008), which explained how section 12.42(d) operates, we said that the chronological sequence of events must be proved as: 1) the first conviction becomes final; 2) the offense leading to a later conviction is committed; 3) the later conviction becomes final; and 4) the offense for which the defendant presently stands accused is committed. The state has the burden of proving beyond a reasonable doubt that the defendant's second previous felony conviction was committed after the defendant's first previous felony conviction became final, and when there is no evidence to show that the offenses were committed and became final in the proper sequence, the defendant's sentence may not be enhanced under the habitual-offender statute. *Id*. at 291.

The record evidence, including penitentiary packets, reflects that the sequence of the alleged prior convictions did indeed occur in the required order. Thus the state met its burden as the evidence is sufficient to prove the statutorily required sequence of convictions in order for appellant's punishment range to be enhanced to that of a habitual offender. Appellant does not dispute that the prior convictions did, in fact, occur in the required sequence, but rather complains about the sufficiency of the evidence based on the facially incorrect wording of the enhancement allegations in the indictment. While the indictment's enhancement paragraphs were erroneously listed in reverse chronological order on the face of the indictment, when the prosecutor read the

enhancement allegations at the punishment proceeding, they were read in the proper order of commission and finality and conformed to the required sequence of prior convictions. And it was to the allegations as read at the beginning of the punishment proceeding to which appellant plead "true."

Evidentiary sufficiency is separate from allegations and notice. Allegations of prior convictions for the purpose of enhancement give pretrial notice to a defendant that the state intends to seek greater punishment and allow a defendant to prepare a defense. *See, e.g.*, *Villescas v. State*, 189 S.W.3d 290 (Tex. Crim. App. 2006); *Brooks v. State*, 957 S.W.2d 30 (Tex. Crim. App. 1997). Evidence sufficient to prove those allegations is an issue at trial. Appellant does not claim that she lacked notice of the state's intent or that the state's evidence was not sufficient to prove the statutorily required sequence; she claims only that the state could not prove the required sequence because of the way the prior convictions were alleged in the indictment. However, Appellant had sufficient notice of the details of the enhancement allegations, and as the court of appeals properly noted, appellant's objection to the enhancement paragraphs "obviates any contention that she was misled by the error." *Roberson*, 371 S.W.3d at 561. If she was not misled by the error, she was not harmed by it. *See, e.g., Pelache v. State*, 324 S.W.3d 568, 577 (Tex. Crim. App. 2010) ("The issue [of whether appellant's sentence can be enhanced] is whether appellant received sufficient notice of the enhancements so that he had an opportunity to prepare a defense to them. . . . In determining whether appellant received sufficient notice of the State's intent to enhance punishment, we look to the record to identify whether appellant's defense was impaired by the timing of the State's notice.")

We also point out that evidentiary sufficiency is measured by the hypothetically correct jury charge. *Gollihar v. State*, 46 S.W.3d 243, 252-53 (Tex. Crim. App. 2001); *Malik v. State*, 953

S.W.2d 234, 240 (Tex. Crim. App. 1997). Such a hypothetically correct jury charge is one that accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the state's burden of proof or unnecessarily restrict the state's theories of liability, and adequately describes the particular offense for which the defendant was tried. We have held that the hypothetically correct jury charge need not incorporate allegations that give rise to immaterial variances. *Cada v. State*, 334 S.W.3d 766, 773 (Tex. Crim. App. 2011); *Gollihar*, 46 S.W.3d at 256. "[S]ometimes the words in the indictment do not perfectly match the proof at trial." *Byrd v. State*, 336 S.W.3d 242, 246 (Tex. Crim. App. 2011); *Malik v. State*, 953 S.W.2d at 240.

In *Young v. State*, 14 S.W.3d 748, 750 (Tex. Crim. App. 2000), we held that *Malik*'s principles apply equally to the affirmative findings necessary to determining whether the state sufficiently proved the required habitual-punishment facts and thus to sustain the imposition of an enhanced punishment. "Thus the sufficiency of the evidence in this context should be measured by the elements of the hypothetically correct jury charge for the enhancement, as defined by statute." *Id*. The statute at issue, section 12.42(d), permits the enhancement of punishment for a habitual offender upon proof of the prior convictions in the required manner. The evidence did prove the prior convictions in the required manner, thus the evidence is sufficient to prove the enhancement allegations and to enhance appellant's punishment range to that of a habitual offender.

### VI. Conclusion

We hold that the evidence in the record provides sufficient evidence to support the jury's finding that the prior convictions did occur in the statutorily required sequence for habitual-offender enhancement. Accordingly we overrule appellant's "question for review" and affirm the judgment of the court of appeals.

Delivered:  November 20, 2013
Publish