**Motion Denied; Abatement Order filed January 28, 2014.**



In The

# Fourteenth Court of Appeals

_____

## NO. 14-12-00817-CR

_____

### JAIRO FRANCISCO LOPEZ, Appellant

### V.

### THE STATE OF TEXAS, Appellee

---

**On Appeal from the County Criminal Court at Law No. 13**
**Harris County, Texas**
**Trial Court Cause No. 541014113**

---

## ABATEMENT ORDER

Our record does not contain findings of fact and conclusions of law on the voluntariness of appellant's statement, which appellant has challenged in his appellate brief. Article 38.22, section 6 of the Texas Code of Criminal Procedure requires the trial court to make written fact findings and conclusions of law as to whether a challenged statement was made voluntarily, even if the appellant did not request them or object to their absence. *See* Tex. Code Crim. Proc. art. 38.22 § 6 (Vernon 2005); *Urias v. State*, 155 S.W.3d 141, 142 (Tex. Crim. App. 2004). The

statute is mandatory and the proper procedure to correct the error is to abate the appeal and direct the trial court to make the required findings and conclusions. *See* Tex. R. App. P. 44.4; *Green v. State*, 906 S.W.2d 937 (Tex. Crim. App. 1995).

Accordingly, we abate the appeal and direct the trial court to reduce to writing its findings of fact and conclusions of law on the voluntariness of appellant's statement and have a supplemental clerk's record containing those findings filed with the clerk of this Court within **thirty days** of the date of this order.

The State's motion for an extension of time to file its brief until a complete reporter's record has been filed is denied. If the complete record is not filed, the appellate rules and cases interpreting those rules determine our review in cases with a partial record. *See* Tex. R. App. P. 34.6(c); *Haut v. Green Cafe Mngmt., Inc.*, 376 S.W.3d 171, 179–81 (Tex. App.—Houston [14th Dist.] 2012, no pet.) (applying presumption that omitted evidence supports the judgment in absence of statement of issues); *see also Boyer v. State,* 05-03-00919-CR, 2004 WL 639640 (Tex. App.—Dallas Apr. 1, 2004, no pet.)(not designated for publication) (holding where appellant did not file statement of issues, appellate court must presume omitted portions of the record support a determination that error did not affect appellant's substantial rights).[1]

The appeal is abated, treated as a closed case, and removed from this Court's active docket. The appeal will be reinstated on this Court's active docket when the trial court's findings and recommendations are filed in this Court. The Court will also consider an appropriate motion to reinstate the appeal filed by either party.

PER CURIAM

---

[1] *See Roberson v. State*, No. PD-0917-12, 2013 WL 6081202 (Tex. Crim. App. Nov. 20, 2013) (approving citation to unpublished cases for comparative and illustrative purposes).

2