

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| ROY ROBERTSON MALLARD, JR., | § | No. 08-12-00292-CR |
| Appellant, | § | Appeal from the |
| v. | § | 213th District Court |
| THE STATE OF TEXAS, | § | of Tarrant County, Texas |
| Appellee. | § | (TC#1216298D) |
| | § | |

## **O P I N I O N**

Appellant, Roy Robertson Mallard, Jr., appeals his conviction for arson.[1]   TEX. PENAL

CODE ANN. § 28.02(a) (West 2011).    We affirm.

## **BACKGROUND**

In September 2010, Appellant and his wife, Laura Mallard, were separated.   Laura

drove a 1993 Subaru sedan that she co-owned with Appellant.   Appellant called Laura on the

evening of September 12, 2010, and threatened to take the vehicle away from her.   Laura called

the police who responded to her home and spoke to Appellant who was nearby.   Two days later,

Laura saw Appellant near her home, and fearing he might carry out his threat to take the Subaru,

---

[1] As this case was transferred from our sister court in Fort Worth, we decide it in accordance with the precedent of that court. TEX. R. APP. P. 41.3.

Laura removed a fuse from the car to prevent it from operating. Later that evening, Appellant called Laura, leaving several voicemails in which he threatened to burn the Subaru.

Around 11:30 p.m., Laura's next-door neighbor, Bovee Trainor, heard a noise and looked out of his window. Seeing Laura's Subaru on fire, Trainor called 9-1-1, and then attempted to wake Laura and the other tenant at the property because he feared the fire could spread to the older, wood-frame houses. While outside, Trainor observed Appellant's white Ford Expedition drive away from the scene with its lights off. Although Trainor recognized Appellant's vehicle, he was unable to see the driver as the vehicle left.

The Subaru had its front window broken in and the fire had been started with an ignitable liquid, namely, gasoline. The investigation lead to Appellant's arrest. Appellant was charged with one count of arson and use of a deadly weapon, to wit: a combustible or flammable liquid. A jury found Appellant guilty of the alleged offense and found the deadly weapon allegation to be true. The court sentenced Appellant to forty years' confinement in the Institutional Division of the Texas Department of Criminal Justice. Appellant raises two issues on appeal.

## DISCUSSION

In Issue One, Appellant asserts the trial court's admission of arson investigator Eddie Rodriguez's testimony that he did not consider Laura to be a suspect, constitutes harmful error. Appellant bases his claims on Texas Rules of Evidence 702 and 704 governing expert witness testimony. TEX. R. EVID. 702, 704. The State counters, and we agree, that Appellant did not preserve error on this issue.

To preserve error, a party must complain with sufficient specificity to make the trial court aware of the complaint through a timely request, objection, or motion, and the trial court must

2

either rule thereon, or refuse to rule, and the must party object to the refusal. TEX. R. APP. P. 33.1. *Clark v. State*, 365 S.W.3d 333, 339 (Tex.Crim.App. 2012). Additionally, a point of error raised on appeal must comport with the objection made before the trial court. *Id.*

Appellant did not object to Rodriguez's testimony as inadmissible expert testimony. He raised three objections. The first two complained of speculation, and the third complained that Investigator Rodriguez's testimony was beyond the scope of the case. Furthermore, there is no indication that either the State or Appellant considered Investigator Rodriguez's testimony to be that of an expert at the time of trial.

At a pretrial hearing, the parties discussed the designation of expert witnesses, and Appellant declared he did not have any expert witnesses and had received the State's designation of one expert witness, Mr. Towers. Having reviewed the record, we conclude Appellant did not preserve this alleged error for our review. *Clark*, 365 S.W.3d at 339. Issue One is overruled.

In Issue Two, Appellant challenges the sufficiency of the evidence to support the jury's finding of true to his use of a deadly weapon.

*Standard of Review*

We review the sufficiency of the evidence to determine whether, after reviewing the evidence in the light most favorable to the ruling, any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Matlock v. State,* 392 S.W.3d 662, 667 (Tex.Crim.App. 2013). Sufficiency of the evidence is measured by a hypothetically correct jury charge. *Roberson v. State*, 420 S.W.3d 832, 840 (Tex.Crim.App. 2013). Such a charge accurately sets out the applicable law, is authorized by the indictment, does not unnecessarily increase the state's burden of proof or restrict the state's theories of liability, and adequately

3

describes the particular offense. *Id.* Appellant's indictment alleged:

> A deadly weapon, to-wit: a combustible or flammable liquid or material, that in the manner of its use or intended use was capable of causing death or serious bodily injury, was used or exhibited during the commission of the felony offense or felony offenses set out above or during the immediate flight following the commission of the above felony offense or felony offenses and that the defendant used or exhibited the deadly weapon or was a party to the offense and knew that a deadly weapon would be used or exhibited[.]

A deadly weapon is statutorily defined as anything that in the manner of its use, or its intended use, is capable of causing death or serious bodily injury. TEX. PENAL CODE ANN. § 1.07(a)(17)(B) (West Supp. 2014). The law does not require the actor to actually intend or cause death or serious injury, it is only necessary for the object to be capable of causing death or serious bodily injury. *Bailey v. State,* 38 S.W.3d 157, 159 (Tex.Crim.App. 2001).

*Analysis*

In support of this issue, Appellant argues the Subaru was unoccupied at the time of the fire, there were no people in the area, the fire did not develop into a major event, only ten gallons of water were required to extinguish the fire, and that his stated intention in the voicemail he left for Laura was to burn the car, not to cause injury to any person. The State counters that Appellant's result-oriented interpretation of Section 1.07(a)(17)(B) would require an improper application of the statute, which requires only that a deadly weapon be capable of causing death or serious bodily injury. A hypothetically correct jury charge in this case would instruct the jury to determine whether or not the evidence established beyond a reasonable doubt, that Appellant used a combustible liquid or material that in the manner of its use or intended use, was capable of causing death or serious bodily injury. TEX. PENAL CODE ANN. § 1.07(a)(17)(B) (West Supp. 2014). *See also Roberson*, 420 S.W.3d at 840.

4

Investigator Rodriguez testified gasoline is a flammable liquid, and its use to spread or accelerate the ignition of a fire is capable of causing death or serious bodily injury. Both Trainor and Rodriguez testified to the fire's proximity to vegetation, and regarding the possibility it could have spread to the wood-frame structures nearby and cause serious damage to property and the inhabitants of the homes. Lieutenant James McAmis of the Fort Worth Fire Department testified the use of gasoline in an unattended vehicle fire creates a potential danger not only to people nearby but to firefighters and others who attempt to put out the fire due to the risk of explosion. After reviewing the evidence in the light most favorable to the verdict, the jury could have found beyond a reasonable doubt that the use of gasoline, a combustible liquid, to accelerate the fire rendered it capable of causing death or serious bodily injury. *Matlock,* 392 S.W.3d at 667. Issue Two is overruled.

## CONCLUSION

The trial court's judgment is affirmed.


                                        YVONNE T. RODRIGUEZ, Justice

September 24, 2014

Before McClure, C.J., Rivera, and Rodriguez, JJ.
Rivera, J., not participating

(Do Not Publish)