**Affirmed and Memorandum Opinion filed August 22, 2019.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-18-00525-CR

---

### JAMES LEROY FRATTAROLA, Appellant

### V.

### THE STATE OF TEXAS, Appellee

---

**On Appeal from the 248th District Court
Harris County, Texas
Trial Court Cause No. 1546144**

---

## MEMORANDUM OPINION

A jury found appellant guilty of indecency with a child by contact and assessed punishment at eighteen years' imprisonment. In two issues, appellant contends that the trial court erred by admitting portions of a doctor's written report regarding the medical examination of the complainant. Specifically, appellant challenges the admission of several statements made by the complainant and the complainant's mother that were transcribed in the report. Appellant contends that the statements were hearsay and not made for the purpose of medical diagnosis

under Rule 803(4) of the Texas Rules of Evidence. *See* Tex. R. Evid. 803(4). Appellant contends that he was harmed because the trial court's error bolstered the complainant's credibility. *See* Tex. R. App. P. 44.2(b).

Although appellant asked the trial court to redact the exhibit by removing the complained-of statements, appellant did not object when the doctor later testified verbatim about the statements made in the report. Because the doctor's testimony provided substantially the same evidence as the report, any errors the trial court might have committed by admitting the statements in the report over appellant's hearsay objections were harmless. *See, e.g., Estrada v. State*, 313 S.W.3d 274, 302 n.29 (Tex. Crim. App. 2010) (noting that any preserved error in the admission of one exhibit was harmless in light of the proper admission of other very similar exhibits); *Leday v. State*, 983 S.W.2d 713, 717 (Tex. Crim. App. 1998) ("It is well established that the improper admission of evidence does not constitute reversible error if the same facts are shown by other evidence which is not challenged."); *see also Hernandez v. State*, No. 05-17-00560-CR, 2018 WL 2316026, at *13 (Tex. App.—Dallas May 22, 2018, pet. ref'd) (mem. op., not designated for publication) (harmless error from the admission of sexual abuse nurse examiner's testimony about hearsay statements of the child complainants because the defendant did not object to the nurse's reports that contained substantially similar evidence); *Lamerand v. State*, 540 S.W.3d 252, 257 (Tex. App.—Houston [1st Dist.] 2018, pet. ref'd) (harmless error from the admission of a medical report containing inadmissible hearsay from the child complainant because the doctor testified about the same statements without objection); *cf. Lumsden v. State*, 564 S.W.3d 858, 888 (Tex. App.—Fort Worth 2018, pet. ref'd) (holding that the defendant "forfeited" error in the admission of the nurse's report

over the defendant's hearsay objection because the defendant did not object when the nurse testified about the contents of the report).[1]

Appellant's issues are overruled, and the trial court's judgment is affirmed.

/s/     Ken Wise
Justice

Panel consists of Justices Wise, Zimmerer, and Spain.

Do Not Publish — Tex. R. App. P. 47.2(b).

---

[1] We cite an unpublished opinion not for precedential value, but for illustrative and comparative purposes. *See Roberson v. State*, 420 S.W.3d 832, 837 (Tex. Crim. App. 2013).