

# IN THE
# TENTH COURT OF APPEALS

### No. 10-19-00024-CR

**GERALD WAYNE HOWARD,**

                                           **Appellant**

 **v.**

**THE STATE OF TEXAS,**

                                           **Appellee**

---

**From the 54th District Court
McLennan County, Texas
Trial Court No. 2018-31-C2**

---

## MEMORANDUM OPINION

---

The jury convicted Gerald Wayne Howard of the offense of assault family violence with a prior conviction for assault of a family member, found the enhancement paragraph to be true, and assessed punishment at seventeen years confinement. We affirm.

### BACKGROUND FACTS

Howard and S.P. were in a dating relationship, and she was pregnant with his child. In November 2017, when she was eight or nine months pregnant, Howard and S.P.

got into an argument over naming the baby. S.P. testified that Howard hit her in the mouth causing an injury.

## PUNISHMENT

In two issues on appeal, Howard complains about the assessment of seventeen years confinement as punishment. In the first issue, he contends that it was error to charge the jury with a punishment range up to twenty years because there was no pleading and no possible finding that would permit punishment beyond ten years under Section 12.42 of the Texas Penal Code. In the second issue, Howard argues that a sentence over ten years is illegal without a proper finding or a proper plea of "true" that he had previously been convicted of a felony other than a state jail felony as required by Section 12.42.

Howard was indicted for the offense of assault family violence with a prior conviction based upon the altercation with S.P. The enhancement allegation in the indictment stated that:

> … prior to the commission of the primary offense, on the 22nd day of January, 2015, in the 54th District Court of McLennan County, Texas, in Cause Number 2014-2189-C, [Howard] was convicted of a felony, to-wit: Continuous Family Violence, and the said conviction became final prior to the commission of the primary offense

At the start of the punishment phase of the trial, the State informed the trial court that in reviewing the enhancement allegation, it was found that the conviction in Cause Number 2014-2189-C was not for Continuous Family Violence as stated in the indictment, but

rather for Assault Family Violence with a Prior Conviction. The State abandoned the "surplusage" after the word felony to omit "Continuous Family Violence." The enhancement allegation then read that Howard was convicted of a felony and the said conviction became final prior to the commission of the primary offense. Howard's counsel stated that he had no objection to abandoning the language, and Howard entered a plea of true to the enhancement allegation. The jury was charged at punishment:

> Now you shall find True from the evidence beyond a reasonable doubt that the Defendant, Gerald Wayne Howard, was on the 22nd day of January, 2015, in the 54th District Court of McLennan County, Texas, in Cause Number 2014-2189-C, the said Gerald Wayne Howard was convicted of a felony, and the said conviction became final prior to the commission of the primary offense, and so state in your verdict that you find "True" the allegation in the Enhancement Allegation and assess the punishment of the Defendant at confinement in the Texas Department of Criminal Justice, Institutional Division for any term of years not less than two (2) years nor more than twenty (20) years; and in addition thereto, you may assess a fine in any amount not to exceed $10,000.00.

Howard did not object to the trial court's charge on punishment.

Assault Family Violence with a Prior Conviction is a third-degree felony. *See* TEX. PENAL CODE ANN. § 22.01 (b) (2) (West Supp. 2019). Section 12.42 of the Texas Penal Code provides that "if it is shown on the trial of a felony of the third degree that the defendant has previously been finally convicted of a felony other than a state jail felony punishable under Section 12.35(a), on conviction the defendant shall be punished for a felony of the second degree." TEX. PENAL CODE ANN. § 12.42 (a) (West 2019).

Howard specifically complains that the jury charge stated an incorrect punishment range because Section 12.42 (a) requires proof of a felony other than a state jail felony and the charge alleged he was convicted of a felony without specifying that it was not a state jail felony. Howard states that he is not complaining that he had insufficient notice of the prior conviction or that there was a variance between the pleading and proof. Howard argues that the enhancement allegation read to the jury had no legal importance because it was vague and failed to allege the kind of felony required for enhancement. We disagree.

Allegations of prior convictions for the purpose of enhancement give pretrial notice to a defendant that the state intends to seek greater punishment and allow a defendant to prepare a defense. *Roberson v. State*, 420 S.W.3d 832, 840 (Tex. Crim. App. 2013). The evidentiary sufficiency is measured by the hypothetically correct jury charge. *Id*. Such a hypothetically correct jury charge is one that accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the state's burden of proof or unnecessarily restrict the state's theories of liability, and adequately describes the particular offense for which the defendant was tried. *Id*. We have held that the hypothetically correct jury charge need not incorporate allegations that give rise to immaterial variances. *Id*. Sometimes the words in the indictment do not perfectly match the proof at trial. *Id*.

Any error in the jury charge did not rise to the level of egregious harm. *See Foster v. State*, 530 S.W.3d 308, 313 (Tex. App. —Waco 2017, no pet.). Howard had notice that the enhancement allegation was for a felony other than a state jail felony, entered a plea of true to the enhancement allegation, and offered no objection to the court's charge on punishment. The evidence at the punishment phase of the trial supported a finding that he was convicted of a felony other than a state jail felony. There was a proper finding of true to the enhancement allegation. We overrule the first and second issues on appeal.

## CONCLUSION

We affirm the trial court's judgment.


JOHN E. NEILL
Justice


Before Chief Justice Gray,
    Justice Neill, and
    Justice Scoggins[1]
Affirmed
Opinion delivered and filed February 10, 2021
Do not publish
[CR25]



---

[1] The Honorable Al Scoggins, Senior Justice of the Tenth Court of Appeals, sitting by assignment of the Chief Justice of the Texas Supreme Court. See TEX. GOV'T CODE §§ 74.003, 75.002, 75.003.