**Affirmed and Memorandum Opinion filed May 30, 2024.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-22-00237-CR

---

### DAVID  LEE  HART, Appellant

### V.

### THE STATE OF TEXAS, Appellee

---

**On Appeal from the 178th District Court
Harris County, Texas
Trial Court Cause No. 1753579**

---

### MEMORANDUM  OPINION

A jury found appellant guilty of aggravated sexual assault of a child—his thirteen-year-old stepsister.  The trial court sentenced him to thirty-five years' confinement.  In a single issue, appellant contends that the trial court erred by overruling his hearsay objection to the following portion of the complainant's admitted medical records, which relays the complainant's mother's statement to a nurse: "But my other daughter said that she heard heavy breathing coming from where [appellant and the complainant] were."  Appellant contends that the

statement was hearsay-within-hearsay and not admissible under the exception for medical diagnosis. Assuming without deciding that appellant preserved error, we hold that any error in the admission of these statements was harmless.

## I. Legal Principles

Generally, the erroneous admission of hearsay is non-constitutional error. *See Rosales v. State*, 548 S.W.3d 796, 808 (Tex. App.—Houston [14th Dist.] 2018, pet. ref'd). Non-constitutional error regarding the admission of evidence requires reversal only if the error affects the defendant's substantial rights. *Gonzalez v. State*, 544 S.W.3d 363, 373 (Tex. Crim. App. 2018); *see also* Tex. R. App. P. 44.2(b); Tex. R. Evid. 103(a). Error affects substantial rights if the error had a substantial and injurious effect or influence in determining the jury's verdict. *Gonzalez*, 544 S.W.3d at 373. If we have a fair assurance from examining the record as a whole that the error did not influence the jury, or had but a slight effect, we will not overturn the conviction. *Id.* In making this determination, we consider: (1) the character of the error and how it might be considered in connection with other evidence; (2) the nature of the evidence supporting the verdict; (3) the existence and degree of additional evidence indicating guilt; and (4) whether the State emphasized the error. *Id.* Often the erroneous admission of evidence is harmless if similar evidence is admitted without objection. *See Estrada v. State*, 313 S.W.3d 274, 302 n.29 (Tex. Crim. App. 2010); *see also Leday v. State*, 983 S.W.2d 713, 717 (Tex. Crim. App. 1998) ("It is well established that the improper admission of evidence does not constitute reversible error if the same facts are shown by other evidence which is not challenged." (quotation omitted).

## II.    Analysis

Although appellant objected to portions of the medical records, he did not object when the nurse who had examined the complainant testified and repeated the statement about the mother's daughter hearing heavy breathing. Because the nurse's testimony provided substantially the same evidence as the report, any error the trial court might have made by admitting the statement in the report was harmless. *See Estrada*, 983 S.W.3d at 302 n.29; *Leday*, 983 S.W.2d at 717; *see also Frattarola v. State*, No. 14-18-00525-CR, 2019 WL 3956170, at *1 (Tex. App.—Houston [14th Dist.] Aug. 22, 2019, pet. ref'd) (mem. op., not designated for publication) (harmless error when the health care provider testified about the statements in the report); *Hernandez v. State*, No. 05-17-00560-CR, 2018 WL 2316026, at *13 (Tex. App.—Dallas May 22, 2018, pet. ref'd) (mem. op., not designated for publication) (same); *Lamerand v. State*, 540 S.W.3d 252, 257 (Tex. App.—Houston [1st Dist.] 2018, pet. ref'd) (same).[1]

Moreover, although the complainant denied sexual conduct with appellant and did not testify at trial, other evidence of appellant's guilt was substantial:

- Appellant confessed to having sex with the complainant in a recorded interview with police. The recording was admitted as an exhibit and played for the jury. He said, "My penis was penetrating her vagina." He said they had sex four or five times before being caught. He knew it was wrong because she was a minor.

- DNA analysis showed "very strong support" for the proposition that appellant contributed to sperm fractions found on swabs from the complainant's vagina and her shorts. It was at least seventy quadrillion times more likely for the sperm to have originated from appellant compared to an unknown individual.

---

[1] We cite unpublished opinions not for precedential value, but for illustrative and comparative purposes. *See Roberson v. State*, 420 S.W.3d 832, 837 (Tex. Crim. App. 2013).

- The jury heard evidence of appellant's extraneous sexual offenses committed against his younger female cousins. One of those cousins testified that appellant touched her private parts under her clothes when she was about seven years old and appellant was about eleven. Regarding the second cousin, appellant's uncle testified that he walked in on appellant, then age fourteen, sexually assaulting the uncle's five-year-old daughter.

Finally, we note that the State did not mention the "heavy breathing" statement during closing arguments.

## III. Conclusion

Considering the entire record, we have a fair assurance that the alleged error did not influence the jury or had but a slight effect. Appellant's sole issue is overruled, and the trial court's judgment is affirmed.

/s/    Ken Wise
Justice

Panel consists of Justices Wise, Zimmerer, and Poissant.

Do Not Publish — Tex. R. App. P. 47.2(b)

4