**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-24-00167-CR**
_____

**KENNETH GEORGE BRODERICK, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 443rd District Court**
**Ellis County, Texas**
**Trial Cause No. 48940CR**

**MEMORANDUM OPINION**

Kenneth George Broderick was indicted for the second-degree felony offense of aggravated assault with a deadly weapon. Tex. Penal Code Ann. § 22.02(a).[1] The indictment contained eight enhancement paragraphs. Broderick pleaded not guilty. After a jury trial, the jury found Broderick guilty. In the punishment phase of trial,

---

[1]This case was transferred from the Tenth Court of Appeals pursuant to a docket equalization order issued by the Supreme Court of Texas. *See* Tex. Gov't Code Ann. § 73.001.

1

Broderick pleaded "not true" to the enhancement allegations. The jury found two or more of the enhancement paragraphs to be "true" and assessed punishment at 30 years confinement.

In a single issue on appeal, Broderick complains that there is insufficient evidence to support the jury's finding of true to two of the enhancement paragraphs. For the reasons discussed below, we affirm the trial court's judgment as modified herein.

Background

Broderick was tried in a single trial for two indictments – unlawful possession of a firearm by a felon and aggravated assault with a deadly weapon.[2] In the present case, the indictment contained eight enhancement paragraphs, which alleged as follows:

**PUNISHMENT ENHANCEMENTS**

It is further presented that on or about May 5, 1983, and prior to the commission of the aforesaid offense, hereinafter referred to as "the principal offense," the defendant was finally convicted in Criminal Action No. F-8103651-U, in the 291st Judicial District Court of Dallas County, Texas, of the first-degree felony offense of burglary of a habitation.

---

[2]The jury found Broderick guilty of unlawful possession of a firearm by a felon and he appeals that decision. Broderick's appeal of the unlawful possession of a firearm by a felon charge is docketed as No. 09-24-00166-CR.

It is further presented that prior to the commission of the principal offense but after the conviction in Criminal Action No. F-8103651-U had become final, the defendant committed and on or about March 24, 1987, was finally convicted in Criminal Action No. F-8694247-N, in the 195th Judicial District Court of Dallas County, Texas, of the third-degree felony offense of theft of property.

It is further presented that prior to the commission of the principal offense but after the convictions in Criminal Action Nos. F-8103651-U and F-8694247-N had become final, the defendant committed and on or about January 5, 1989, was finally convicted in Criminal Action No. F-8868929-L, in the Criminal District Court No. 5 of Dallas County, Texas, of the second-degree felony offense of burglary of a building.

It is further presented that prior to the commission of the principal offense but after the convictions in Criminal Action Nos. F-8103651-U, F-8694247-N, and F-8868929-L had become final, the defendant committed and on or about September 25, 1990, was finally convicted in Criminal Action No. F-8881264-S, in the 282nd Judicial District Court of Dallas County, Texas, of the third-degree felony offense of forgery.

It is further presented that prior to the commission of the principal offense but after the convictions in Criminal Action Nos. F-8103651-U, F-8694247-N, and F-8868929-L had become final, the defendant committed and on or about September 25, 1990, was finally convicted in Criminal Action No. F-8985781-M, in the 194th Judicial District Court of Dallas County, Texas, of the third-degree felony offense of theft of property.

It is further presented that prior to the commission of the principal offense but after the convictions in Criminal Action Nos. F-8103651-U, F-8694247-N, and F-8868929-L had become final, the defendant committed and on or about September 25, 1990, was finally convicted in Criminal Action No. F-9033099-M, in the 194th Judicial District Court of Dallas County, Texas, of the third-degree felony offense of theft of property.

It is further presented that prior to the commission of the principal offense but after the convictions in Criminal Action Nos. F-8103651-U, F-8694247-N, F-8868929-L, F-8881264-S, F-8985781-M, and F-9033099-M had become final, the defendant committed and on or about June 28, 2007, was finally convicted in Criminal Action No. 1119379, in the 176th Judicial District Court of Harris County, Texas, of the third-degree felony offense of the theft of property.

Finally, it is presented that prior to the commission of the principal offense but after the convictions in Criminal Action Nos. F-8103651-U, F-8694247-N, F-8868929-L, F-8881264-S, F-8985781-M, F-9033099-M, and 1119379 had become final, the defendant committed and on or about January 20, 2015, was finally convicted in Criminal Action No. F-1459782-M, in the 194th Judicial District Court of Dallas County, Texas, of the third-degree felony offense of theft of property[.]

At the punishment phase of the trial, Broderick pleaded "not true" to all eight enhancement allegations in the indictment.

Following the entry of Broderick's pleas, the State introduced Exhibits 83, 97, 98, 99, 100, 101, 102, 103, 104, 105 and 106, which contained documents evidencing the eight prior convictions alleged in the enhancement paragraphs. These exhibits were admitted into evidence.

State's Exhibit 97 contains a certified copy of the judgment and conviction in cause number F81-3651-PK, which shows that Broderick committed the first-degree felony offense of burglary of a habitation on March 12, 1981, and was sentenced to prison for seven years on June 19, 1981 but that the sentence was suspended and he was placed on probation for a period of seven years. State's Exhibit 97 also contains an order revoking probation which shows that Broderick's probation was revoked,

4

his conviction became final on May 5, 1983, and he received a term of five years in prison.

State's Exhibit 98 contained a certified copy of the judgment of conviction in cause number F86-94247-LN, which shows that Broderick committed the third-degree felony offense of theft on November 1, 1986, and was sentenced to two years in prison on March 24, 1987. State's Exhibit 98 also contained a certified copy of the judgment of conviction in cause number 189890D which shows that Broderick committed the felony offense of burglary of a building on April 8, 1982, and was sentenced to five years in prison on May 25, 1983.

State's Exhibit 99 contained a certified copy of the judgment of conviction in cause number F88-68929-UL, which shows that Broderick committed the second-degree felony offense of burglary of a building on August 2, 1988, and was sentenced to ten years in prison on January 4, 1989.

State's Exhibit 100 contained a certified copy of the judgment of conviction in cause number F88-81264-M, which shows that Broderick committed the third-degree felony offense of forgery on March 19, 1988, and was sentenced to ten years in prison on September 25, 1990. State's Exhibit 100 also contained a certified copy of the judgment of conviction in cause number F89-85781-M, which shows that Broderick committed the third-degree felony offense of theft on July 23, 1989, and was sentenced to twenty-five years in prison on September 25, 1990. State's Exhibit

100 further contained a certified copy of the judgment of conviction in cause number F90-33099-M, which shows that Broderick committed the third-degree felony offense of theft on July 19, 1990, and was sentenced to ten years in prison on September 25, 1990. Furthermore, State's Exhibit 100 contained a certified copy of the judgment of conviction in cause number 1119379, which shows that Broderick committed the third-degree felony offense of theft on June 2, 2007, and was sentenced to three years in prison on June 28, 2007.

State's Exhibit 83 contains a certified copy of the judgment of conviction in cause number F-1459782-M, which shows Broderick committed the third-degree felony offense of theft on October 24, 2014, and was sentenced to ten years in prison on January 20, 2015.

State's Exhibit 101 contains a certified copy of the judgment of conviction in cause number 380-80493-01, which shows Broderick committed the state jail felony offense of theft on December 13, 2000, and was sentenced to twenty months in prison on September 10, 2001.

State's Exhibit 102 contains a certified copy of the judgment of conviction in cause number 137829901010, which shows Broderick committed the state jail felony offense of theft on February 12, 2013, and was sentenced to six months in state jail on August 22, 2013.

State's Exhibit 103 contains a certified copy of the judgment of conviction in cause number F-1459729-M, which shows Broderick committed the state jail felony offense of theft on October 27, 2014, and was sentenced to five months in state jail on January 20, 2015.

State's Exhibit 104 contains a certified copy of the judgment of conviction in cause number F-1659947-S, which shows Broderick committed the state jail felony offense of theft on November 26, 2016, and was sentenced to sixty days in the county jail on December 21, 2016.

State's Exhibit 105 contains a certified copy of the judgment of conviction in cause number 157142401010, which shows Broderick committed the state jail felony offense of unauthorized use of a vehicle on November 20, 2017, and was sentenced to sixth months in state jail on June 14, 2018.

State's Exhibit 106 contains a certified copy of the judgment of conviction in cause number 160659001010, which shows Broderick committed the state jail felony offense of unauthorized use of a vehicle on September 26, 2018, and was sentenced to one hundred eighty days in state jail on March 25, 2019.

The trial court's charge to the jury instructed the jury that Broderick has pleaded "Not True" to the eight enhancements the State alleged in the indictment. It further instructed the jury that they "must be unanimous as to which allegations in

the Enhancement Notice you find 'True' beyond a reasonable doubt, if any." The charge further instructed the jury:

> You are instructed that if you find beyond a reasonable doubt that two or more [of] the allegations of the Enhancement Notice are "True," you will so state in your verdicts and conclude your deliberations in this cause, and assess the punishment of the Defendant as confinement in the Texas Department of Criminal Justice for twenty-five (25) years to ninety-nine (99) years, or Life, and in addition a fine not to exceed $10,000.

The jury's verdict stated:

> We, the jury, having found the Defendant guilty of the offense of Aggravated Assault with a Deadly Weapon, as charged in the indictment, do further find beyond a reasonable doubt that two or more of the allegations in the Enhancement Notice are TRUE, and we assess his punishment as confinement in the Texas Department of Criminal Justice – Institutional division for a term of 30 yrs. In addition, we assess a fine of $0 ($0-$10,000).

The judgment reflected that there was a finding of "true" on the first enhancement paragraph and a finding of "true" on the second enhancement paragraph.

Standard of Review and Applicable Law

In Broderick's sole issue, he argues that the State failed to prove the offense dates for the enhancement paragraphs in the indictment and therefore the State could not prove the sequence of convictions. Moreover, he argues that the offenses alleged in paragraphs four, five, and six of the indictment are non-sequential felony convictions occurring on the same date. Because the jury found two of the

8

paragraphs "true" but did not designate which two, Broderick argues if the jury found paragraphs four, five and six true, then the convictions were non-sequential and punishment was incorrectly assessed.

In reviewing the sufficiency of the evidence to support a finding that an enhancement allegation is true, we consider all of the evidence in the light most favorable to the finding and determine whether a rational trier of fact could have found the essential elements of the enhancement beyond a reasonable doubt. *Wood v. State*, 486 S.W.3d 583, 589 (Tex. Crim. App. 2016). The sufficiency of the evidence to support an enhancement should be measured by the hypothetically correct jury charge for the enhancement, as defined by statute. *See Roberson v. State*, 420 S.W.3d 832, 841 (Tex. Crim. App. 2013); *Young v. State*, 14 S.W.3d 748, 750 (Tex. Crim. App. 2000).

An individual found guilty of an unenhanced aggravated assault with a deadly weapon cannot be sentenced to more than twenty years' imprisonment in the Texas Department of Criminal Justice. Tex. Penal Code Ann. § 12.33(a). However, if it is shown on the trial of a felony offense "that the defendant has previously been finally convicted of two felony offenses, and the second previous felony conviction is for an offense that occurred subsequent to the first previous conviction having become final," then the punishment range is twenty-five to ninety-nine years. *Id.* § 12.42(d).

To properly apply this habitual-offender statute to enhance Broderick's sentence, the State must have proven:

> (1) the first conviction became final; (2) the offense leading to a later conviction was committed; (3) the later conviction became final; and (4) the defendant subsequently committed the offense for which he presently stands accused.

*Hopkins v. State*, 487 S.W.3d 583, 586 (Tex. Crim. App. 2016); *Roberson*, 420 S.W.3d at 839; *Jordan v. State*, 256 S.W.3d 286, 290-91 (Tex. Crim. App. 2008). Prima facie proof of a prior conviction is made by the introduction of the prior judgment and sentence. *Davy v. State*, 525 S.W.3d 745, 752 (Tex. App.—Amarillo 2017, pet. ref'd). If there is no affirmative evidence in the record showing a plea of "true" to the enhancement, as here, the State is required to prove these elements beyond a reasonable doubt. *Wood*, 486 S.W.3d at 588.

When there is no evidence to show that the offenses were committed and became final in the proper sequence, the defendant's sentence may not be enhanced under section 12.42(d). *Roberson*, 420 S.W.3d at 839-40. If there is no evidence proving that the offenses were committed and became final in the proper sequence, then we must reverse the assessment of punishment and remand for a new punishment hearing, without conducting any harm analysis. *See Jordan*, 256 S.W.3d at 290-93.

Discussion

Here, the record evidence reflects that the sequence of the alleged prior convictions did indeed occur in the required order. For example, the first punishment enhancement was committed on March 12, 1981, and became final on May 5, 1983. The second punishment enhancement was committed on November 1, 1986, after the first prior became final, and became final on March 24, 1987. Thus, both offenses were final before the commission of the instant offense on April 24, 2022. Broderick's complaint that the State did not prove the offense dates of the prior convictions is without merit as each of the State's exhibits showing the prior convictions contain an offense date and each such date was after the conviction of the previous offense became final.

Broderick complains that "[t]he jury charge should have required the jury to state which enhancement paragraphs it found 'true'" and that it cannot be determined whether the judgment comports with the jury's findings because the judgment states that the first and second enhancement paragraphs were found "true." However, Broderick does not support his argument with appropriate citations to any authorities and does not adequately explain how his complained of error results in harm. *See* Tex. R. App. P. 38.1. Where, as here, a party fails to adequately brief a complaint, the complaint is waived on appeal. *See Swearingen v. State*, 101 S.W.3d 89, 100 (Tex. Crim. App. 2003). That said, "The law is that, when a general verdict is

11

returned and the evidence is sufficient to support a finding under any of the paragraphs submitted, the verdict will be applied to the paragraph finding support in the facts." *Manrique v. State*, 994 S.W.2d 640, 642 (Tex. Crim. App. 1999) (citing *Aguirre v. State*, 732 S.W.2d 320 (Tex. Crim. App. 1982)). Here, the jury was instructed that it "must be unanimous as to which allegations in the Enhancement Notice [it found] 'True' beyond a reasonable doubt, if any[,]" and the evidence is sufficient to support the jury's general verdict that two or more of the enhancement paragraphs are true. Therefore, it matters not which two (or more) paragraphs were found by the jury to have been true, nor was it error for the trial court to ask the jury to return a general verdict. *See* Tex. Code Crim. Proc. Ann. art. 37.07, § 1(a) ("The verdict in every criminal action must be general.").

We overrule Broderick's sole issue. However, in doing so, we note that the judgment references only the first and second enhancement paragraphs, implies that Broderick pleaded "Not True" to both, and recites that both were found to have been true. In fact, there were eight enhancement paragraphs, Broderick pleaded "Not True" to each, and the jury found two or more to be true. We have the power to modify a judgment to speak the truth when we have the necessary information to do so. *See* Tex. R. App. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27-28 (Tex. Crim. App. 1993). Therefore, we modify the judgment to delete its references to "1st Enhancement Paragraph" and "2nd Enhancement Paragraph" and to reflect that

12

"Broderick pleaded 'Not True' to Enhancement Paragraphs (1) through (8)" and that "Two or more of Enhancement Paragraphs (1) through (8) were found to be 'True.'"

Conclusion

Having overruled Broderick's sole issue, we affirm the judgment of the trial court as modified herein.

AFFIRMED AS MODIFIED.

KENT CHAMBERS
Justice

Submitted on December 29, 2025
Opinion Delivered February 11, 2026
Do Not Publish

Before Golemon, C.J., Wright and Chambers, JJ.