**Affirm as Modified and Opinion Filed June 13, 2016.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-14-01106-CR
### No. 05-14-01107-CR

**DEWAYNE KEITH FINCHER, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 194th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F-0863186-M and F-1051689-M**

## MEMORANDUM OPINION
Before Justices Lang, Brown, and Whitehill
Opinion by Justice Lang

Dewayne Keith Fincher appeals the trial court's judgments adjudicating him guilty of: (1) possession with the intent to deliver heroin in an amount of one gram or more, but less than four grams, enhanced by two prior convictions; and (2) possession with the intent to deliver cocaine in an amount of less than one gram, enhanced by two prior convictions. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.112(a)–(c) (West 2010). After a bench trial on the State's motion to proceed to final adjudication, the trial court found that Fincher violated the conditions of his community supervision, and sentenced him to thirty-five years of imprisonment in the heroin case and eight years of imprisonment in the cocaine case.

Fincher raises three issues on appeal, arguing: (1) the trial court failed to make an oral pronouncement, finding the enhancement allegations in the heroin case true, resulting in an

illegal sentence; (2) the enhanced sentence in the heroin case is void because no date of offense is shown for the second prior offense; and (3) the enhanced sentence in the cocaine case is void because no date of offense is shown for the second prior offense. We conclude that Fincher's sentences are not illegal or void. The trial court's judgements adjudicating guilt in the heroin and cocaine cases are modified to reflect that Fincher pleaded true to the enhancement paragraphs and the trial court found the enhancements true. The judgements adjudicating Fincher's guilt are affirmed as modified.

## I. PROCEDURAL CONTEXT

Fincher was indicted for possession with the intent to deliver heroin in an amount of one gram or more, but less than four grams, which is a second degree felony and possession with the intent to deliver cocaine in an amount of less than one gram, which is a state jail felony. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.112(a)–(c). Also, each indictment alleged two prior felony convictions for the purposes of enhancing Fincher's punishment. *See* TEX. PENAL CODE ANN. §§ 12.42(d), 12.425(b) (West Supp. 2015).

In each case, Fincher entered into a plea agreement with the State. In the heroin case, the written plea agreement shows that Fincher and the State agreed that Fincher would plead guilty to the offense and true to the enhancement paragraphs, the State would recommend "SAFPF," and the agreed sentence was ten years of deferred adjudication community supervision and $3,000 fine. In the cocaine case, Fincher's judicial confession includes his guilty plea and plea of true to the enhancement paragraphs. It also states that Fincher and the State agreed to a sentence of eight years of deferred adjudication community supervision and a $2,000 fine.

In both cases, the State filed its first motion to revoke community supervision and adjudicate Fincher guilty. Fincher pleaded true to the allegations and the trial court continued community supervision in both cases, but imposed additional conditions. Then, in both cases,

the State filed its second motion to revoke community supervision and adjudicate Fincher guilty. After a hearing, the trial court revoked Fincher's community supervision, adjudicated him guilty of each offense, and sentenced him to imprisonment for thirty-five years in the heroin case and eight years in the cocaine case. Fincher appeals the judgments adjudicating his guilt.

## II. ILLEGAL SENTENCE

In issue one, Fincher argues the trial court failed to make an oral pronouncement, finding the enhancement allegations in the heroin case true, resulting in an illegal sentence because his thirty-five year sentence exceeds the twenty-year maximum sentence authorized for a second degree felony. The State responds that the trial court impliedly found the enhancements true and Fincher's sentence is within the range of punishment applicable to a second degree felony enhanced by two prior felony convictions.

### A. Applicable Law

During the plea-bargain process, the trial court's role is to advise the defendant whether it will accept or reject the agreement. *See Moore v. State*, 295 S.W.3d 329, 331 (Tex. Crim. App. 2009) (citing TEX. CODE CRIM. PROC. ANN. art. 26.13(a)(2) (West Supp. 2015)). The trial court has no authority to unilaterally insert un-negotiated terms into the agreement. *See Moore*, 295 S.W.3d at 332. If a defendant pleads true to an enhancement paragraph, the State is relieved of its evidentiary burden to prove the enhancement allegation, unless the record affirmatively reflects that the enhancement was improper. *See Hopkins v. State*, No. PD-0794-15, 2016 WL 1694261, at *3 (Tex. Crim. App. Apr. 27, 2016). Once the trial court expressly approves a plea-bargain agreement in open court, it becomes a binding contractual arrangement between the State and the defendant. *See Ortiz v. State*, 933 S.W.2d 102, 104 (Tex. Crim. App. 1996); *Davis v. State*, 130 S.W.3d 519, 522, (Tex. App.—Dallas 2004, no pet.); *Wright v. State*, 158 S.W.3d 590, 593-94 (Tex. App.—San Antonio 2005, pet. ref'd). Under these circumstances, the trial court is

bound to carry out the terms of the agreement. *See Holland v. State*, 112 S.W.3d 251, 255 (Tex. App.—Austin 2003, no pet.).

An illegal sentence is one that is not authorized by law. *See Ex parte Parrott*, 396 S.W.3d 531, 534 (Tex. Crim. App. 2013). A sentence that is outside the range of punishment authorized by law is considered illegal. *See Ex parte Parrott*, 396, S.W.3d at 534; *Mizell v. State*, 119 S.W.3d 804, 806 (Tex. Crim. App. 2003). A defendant may obtain relief from an unauthorized sentence on direct appeal or by a writ of habeas corpus. *See Mizell*, 119 S.W.3d at 806. An illegal sentence cannot be waived and may be challenged at any time. *See Ex parte Pena*, 71 S.W.3d 336, 339 (Tex. Crim. App. 2002); *see also Baines v. State*, 418 S.W.3d 663, 674 (Tex. App.—Texarkana 2010, pet. ref'd). However, a sentence is not an illegal sentence merely because there is no finding on the enhancement paragraphs. *See Baines*, 418 S.W.3d at 674 (discussing *Harris v. State*, 153 S.W.3d 394, 398 (Tex. Crim. App. 2005)).

### B. *Application of the Law to the Facts*

Fincher was indicted for possession with the intent to deliver heroin in an amount of one gram or more, but less than four grams, which is a second degree felony. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.112(c). The range of punishment for a second degree felony is imprisonment for a term of not more than twenty years or less than two years. *See* TEX. PENAL CODE ANN. § 12.33(a) (West 2011). Also, the indictment in Fincher's heroin case alleged that he was a repeat and habitual offender previously convicted of two prior felonies, which elevated his punishment to imprisonment for a term of twenty-five to ninety-nine years or life. *See* TEX. PENAL CODE ANN. § 12.42(d).

Although the trial court did not orally pronounce that he found the enhancement allegations true, the record contains many events that demonstrate the trial court found the enhancement allegations true. The record is replete with events that show the trial court and

counsel understood that the punishment range was twenty-five to ninety-nine years or life in accord with section 12.42(d) of the Texas Penal Code, which sets for the punishment range for a repeat and habitual offender previously convicted of two prior felonies.

First, Fincher entered into a plea agreement with the State in the heroin case. The written plea agreement shows that Fincher and the State agreed that Fincher would plead guilty to the offense and true to the enhancement paragraphs. Further, the written plea agreement admonished Fincher that the punishment range for the offense was five to ninety-nine years or life imprisonment. In addition, the written plea agreement included Fincher's pleas of true to the enhancement allegations contained in the second and third paragraphs of the indictment and his judicial confession that he is the same person convicted of those offenses.

Second, during the hearing on Fincher's guilty plea in the heroin case, the trial court stated, "I accept your plea if you make it," and "I'll follow the plea bargain, but I need to warn you if you should violate your probation, the punishment range in this case if you get revoked will be a minimum 25 year sentence in prison because the paragraphs alleging former convictions will be found true. Punishment range is 25 to life or 99 year sentence." Fincher responded that he understood the punishment range. Then, Fincher pleaded guilty. When asked if he pleaded true to the enhancement paragraphs, Fincher responded "Yes, sir" and the trial court stated, "Take that to be true." Also, Fincher's judicial confession was admitted into evidence. At Fincher's sentencing hearing, the trial court approved the plea bargain and deferred a finding of true on the enhancements stating, "The evidence supports your plea in this case. I do not find you 'true' as to the paragraphs. Guilty." *See Moore*, 295 S.W.3d at 332 (trial court accepts or rejects plea agreement and no authority to unilaterally insert un-negotiated terms). The trial court's written order of deferred adjudication stated that Fincher pleaded true to the enhancement paragraphs and the trial court found both enhancement paragraphs true.

Third, a few months later, Fincher pleaded guilty in the cocaine case. During the hearing on the cocaine case, Fincher acknowledged that he was on deferred adjudication community supervision for the heroin case and he understood that the range of punishment for that offense was "25 to life."

Fourth, during the hearing on the State's first motion to revoke community supervision and proceed with an adjudication of guilt, the trial court admonished Fincher as follows:

> If you persist in pleading true to the allegations [that you violated the conditions of your community supervision], I will find the allegations to be true. And one of the cases, I can sentence you to 20 years, and the other case, the penalty range is 25 to 99 or life; do you understand?

Fincher responded that he understood. The trial court granted the State's motion, but continued Fincher's community supervision with additional conditions. However, at the conclusion of the hearing, the trial court again reminded Fincher that "the penalty range [was] 25 to 99 years or life."

Finally, the State filed a second motion to revoke Fincher's community supervision and proceed with an adjudication of the guilt. Before any witness testimony, the trial court stated that in the heroin case, "[Fincher was] looking at 25 to life." At the conclusion of the hearing, the trial court adjudicated Fincher guilty and sentenced him to thirty-five years of imprisonment in the heroin case and eight years of imprisonment in the cocaine case.

Based on this record, we conclude the failure of the trial court to orally pronounce its finding on the enhancements does not render Fincher's sentence in the heroin case an illegal sentence. *See Baines*, 418 S.W.3d at 674. Issue one is decided against Fincher.

### III. ENHANCED SENTENCES VOID

In issues two and three, Fincher argues the enhanced sentences in the heroin and cocaine cases are void because no offense date is shown for the second prior offense. He claims there was "no allegation or indication" that he committed the second alleged prior offense after the

date the first alleged prior offense became final. The State responds that Fincher has waived this issue for appellate review because his pleas of true were sufficient to support the enhancement allegations.

### A. Applicable Law

Section 12.42(d) of the Texas Penal Code provides that a defendant's punishment for a felony offense may be enhanced:

> [I]f it is shown on the trial of a felony offense other than a state jail felony . . . that the defendant has previously been finally convicted of two felony offenses, and the second previous felony conviction is for an offense that occurred subsequent to the first previous conviction having become final, on conviction the defendant shall be punished by imprisonment in the Texas Department of Criminal Justice for life, or for any term not more than 99 years or less than 25 years.

TEX. PENAL CODE ANN. § 12.42(d); *Hopkins*, 2016 WL 1694261, at *3. Similarly, section 12.425(b) of the Texas Penal Code provides that a defendant's punishment for a state jail felony may be enhanced:

> If it is shown on the trial of a state jail felony . . . that the defendant has previously been finally convicted of two felonies other than a state jail felony . . ., and the second previous felony conviction is for an offense that occurred subsequent to the first previous felony conviction having become final, on conviction the defendant shall be punished for a felony of the second degree.

TEX. PENAL CODE ANN. § 12.425(b). Based on these provisions, to enhance a defendant's punishment range, it must be proven that the first conviction became final, the offense leading to a later conviction was committed, the later conviction became final, and the defendant subsequently committed the offense for which he presently stands accused. *See Hopkins*, 2016 WL 1694261, at *3.

However, if a defendant pleads true to the enhancement paragraphs, the State is relieved of its evidentiary burden to prove the enhancement allegations, unless the record affirmatively reflects that the enhancements were improper. *See Hopkins*, 2016 WL 1694261, at *3. After a defendant pleads "true" to the enhancement allegations, relieving the State of its burden, in order

to prevail on appeal, the defendant must show that the record affirmatively reflects that the enhancements were improper.  *See Hopkins*, 2016 WL 1694261, at *3.

### B.  Application of the Law to the Facts

Fincher argues:

> [He] was convicted in the alleged first prior, the offense that was indicted in 1985, on November 9, 1988.  [He] was convicted in the second alleged prior, the offense that was indicted in 1993, on April 18, 1995.  The record does not indicate when [he] committed the 1993 offense.  In other words, there was no allegation or indication that [he] did not commit the second alleged prior . . . before November 8, 19[8]8, the date when he was convicted for committing the first alleged prior.

However, Fincher relieved the State of its burden by pleading "true" to the enhancement allegations.  *See Hopkins*, 2016 WL 1694261, at *3.

Fincher does not argue or direct us to any record evidence affirmatively showing that the enhancements were improper.  *See Hopkins*, 2016 WL 1694261, at *3.  Further, although the indictments do not allege the date on which the second enhancement offense was committed, they do allege "that prior to the commission of the [second] offense set forth in the first paragraph above, the said defendant was convicted of [the first] felony offense."  *See Hopkins*, 2016 WL 1694261, at *3 (noting record actually supports the enhancement allegations). Accordingly, we conclude Fincher's enhanced sentences in the heroin and cocaine cases are not void.  *See Hopkins*, 2016 WL 1694261, at *3.

Issues two and three are decided against Fincher.

### IV.  MODIFICATION OF THE JUDGMENTS

Also, although neither party raises the issue, we observe the judgments adjudicating Fincher's guilt do not reflect that Fincher pleaded true to the enhancement paragraphs and the trial court found the enhancement paragraphs true.  An appellate court has the authority to modify an incorrect judgment to make the record speak the truth when it has the necessary information to do so.  *See* TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex.

Crim. App. 1993) (en banc); *Asberry v. State*, 813 S.W.2d 526, 529–30 (Tex. App.—Dallas 1991, pet. ref'd). Accordingly, on our motion, we modify the trial court's judgments adjudicating guilt in each case to show: (1) the "plea to the first enhancement paragraph" is "true"; (2) the "finding on the first enhancement paragraph" is "true"; (3) the "plea to the second enhancement paragraph" is "true"; and (4) the "finding on the second enhancement paragraph" is "true."

## V. CONCLUSION

Fincher's sentences are not illegal or void.

Also, the trial court's judgements adjudicating Fincher's guilt in the heroin and cocaine cases are modified to reflect that Fincher pleaded true to the enhancement paragraphs and the trial court found the enhancements true.

The judgements adjudicating Fincher's guilt are affirmed as modified.

/Douglas S. Lang/
DOUGLAS S. LANG
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
141106F.U05

–9–



## Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

DEWAYNE KEITH FINCHER, Appellant

No. 05-14-01106-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 194th Judicial District Court, Dallas County, Texas
Trial Court Cause No. F-0863186-M.
Opinion delivered by Justice Lang. Justices Brown and Whitehill participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

(1)     the "plea to the first enhancement paragraph" is "true";
(2)     the "finding on the first enhancement paragraph" is "true";
(3)     the "plea to the second enhancement paragraph" is "true"; and
(2)     the "finding on the second enhancement paragraph" is "true."

As **REFORMED**, the judgment is **AFFIRMED**.

Judgment entered this 13th day of June, 2016.



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

DEWAYNE KEITH FINCHER, Appellant

No. 05-14-01107-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 194th Judicial District Court, Dallas County, Texas
Trial Court Cause No. F-1051689-M.
Opinion delivered by Justice Lang. Justices Brown and Whitehill participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

(1)     the "plea to the first enhancement paragraph" is "true";
(2)     the "finding on the first enhancement paragraph" is "true";
(3)     the "plea to the second enhancement paragraph" is "true"; and
(2)     the "finding on the second enhancement paragraph" is "true."

As **REFORMED**, the judgment is **AFFIRMED**.

Judgment entered this 13th day of June, 2016.