**Opinion issued January 18, 2024**



**In The**

# Court of Appeals

**For The**

# First District of Texas

_____

## NO. 01-20-00253-CR

_____

**JOSE MANUEL ESCOBEDO, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 212th District Court**
**Galveston County, Texas**
**Trial Court Case No. 18-CR-3020**

---

## MEMORANDUM OPINION

A jury found Jose Manuel Escobedo guilty of arson with intent to destroy or damage a habitation or place of worship. *See* TEX. PENAL CODE § 28.02(d)(2) (stating arson of habitation or place of worship is first-degree felony). After

Escobedo pleaded true to the allegations in two enhancement paragraphs, the jury assessed his punishment at 40 years in prison as a habitual offender. *See id.* § 12.42(d) (increasing punishment range to life or between 25 and 99 years for offender who has been convicted of two prior felonies consecutively before instant offense). On appeal, he contends that the notice of enhancement was insufficient to subject him to punishment as a habitual offender because it did not allege that the prior felonies occurred consecutively. He also argues that the jury charge incorrectly instructed the jury as to the range of punishment. We affirm.

## Background

Escobedo was charged by indictment with arson with intent to destroy a habitation or place of worship. Three days before trial, the State filed notice seeking enhancement of his sentence. The notice included two separate felony convictions in Texas. The jury found Escobedo guilty. Escobedo elected to have the jury decide his punishment.

Prior to arraignment on the enhancement paragraphs during the punishment phase of trial, the State moved to amend the enhancement notice to correct the location of the prior felonies, listing that the two prior convictions occurred in California rather than Texas. Escobedo did not object to the amendments. The amended enhancement stated as follows:

> And it is further presented that, prior to the commission of the charged offense, (hereafter styled the primary offense), on the 13th day

of March, 1998, in cause number 98CF0187 in the Superior Court of Orange County, California, the defendant was finally convicted of the felony offense of Poss. Firearms Public School.

And it is further presented that, prior to the commission of the charged offense (hereafter styled the primary offense), on the 15th day of May, 2003, in cause number 02NF1842 in the Superior Court of Orange County, California, the defendant was finally convicted of the felony offense of Unlawful Possession of a Controlled Substance.

In the presence of the jury, the State arraigned Escobedo on the enhancements, and he pleaded true to both. The State then offered, and the court admitted, evidence related to the convictions. The evidence included judgments of prior convictions against Escobedo and stipulations signed by the State, Escobedo's trial counsel, and Escobedo. The parties stipulated that Escobedo was the person convicted in the judgments. Escobedo did not object to the admission of this evidence.

The State published to the jury a judgment naming Escobedo and showing he was sentenced on March 13, 1998 for possession of firearms in a public school and sentenced to 3 years' confinement. The State also published an abstract judgment for a prison sentence for unlawful possession of a controlled substance. He committed the crime in 2002 and pleaded guilty in 2003. He was sentenced to six years' confinement.[*] The stipulations were also published to the jury.

---

[*] The evidence included judgments for several other convictions, but those convictions were not used to enhance Escobedo's sentence and are not relevant to this appeal.

Neither side objected to the jury charge. The trial court read the charge to the jury. It stated:

> The First Enhancement paragraph in the indictment further alleges that, prior to the commission of the primary offense, the said Jose Manual Escobedo, committed the felony offense of Possession of a Firearm in a Public School and was convicted on the 13th day of March, 1998, in Cause No. 98-CF-0187, in the Superior Court of California, County of Orange, California.
>
> The second enhancement paragraph in the indictment further alleges that, prior to the commission of the primary offense and after the conviction in Cause No. 09-CF-0187 [sic] was final, the said Jose Manuel Escobedo, committed the felony of Unlawful Possession of a Controlled Substance and was convicted on the 15th day of May 2003, in Cause No. 02NF1842, in the Superior Court of California, County of Orange, California.
>
> The Defendant has entered a plea of True to these allegations. You are therefore instructed to find the allegations in the enhancement paragraphs are True.
>
> You are therefore instructed to assess his punishment at confinement in the Institutional Division of the Texas Department of Criminal Justice for a period of not less than twenty-five (25) years nor more than ninety-nine (99) years or life.

Escobedo did not object during the reading of the jury charge. During closing arguments, Escobedo's trial counsel told the jury that the minimum punishment was 25 years' confinement and argued that such a punishment would be significant. The State asked the jury to start deliberating at 50 years' imprisonment. The jury assessed punishment at 40 years' imprisonment.

4

## Notice of Enhancement

In his first issue, Escobedo argues that there was error in the enhancement notice. Specifically, he argues that the enhancement "failed to track the statutory elements necessary to subject appellant to habitual status."

With no enhancements, the punishment range for a first-degree felony is confinement for 5 to 99 years or life with a fine of up to $10,000. TEX. PENAL CODE § 12.32. The minimum can be raised to 15 years if the defendant has previously been convicted of a felony other than a state jail felony. *Id.* § 12.42(c)(1). Section 12.42(d) of the Penal Code establishes a more stringent punishment range for three-time repeat felony offenders. It states that:

> [I]f it is shown on the trial of a felony offense other than a state jail felony punishable under Section 12.35(a) that the defendant has previously been finally convicted of two felony offenses, and the second previous felony conviction is for an offense that occurred subsequent to the first previous conviction having become final, on conviction the defendant shall be punished by imprisonment in the Texas Department of Criminal Justice for life, or for any term of not more than 99 years or less than 25 years.

*Id.* § 12.42(d). For the habitual offender provision to apply to sentencing, the chronological sequence of events must be proved as follows: (1) the first conviction becomes final; (2) the offense leading to a later conviction is committed; (3) the later conviction becomes final; (4) the offense for which defendant presently stands accused is committed. *Jordan v. State*, 256 S.W.3d 286, 290–91 (Tex. Crim. App. 2008). The State bears the burden to prove beyond a

5

reasonable doubt that the defendant's second previous felony conviction was committed after the defendant's first previous felony conviction became final. *Id.* at 291. When there is no evidence to show that the offenses were committed and became final in the proper sequence, the defendant's sentence may not be enhanced under the habitual offender statute. *Id.* If a defendant pleads true to the enhancement allegations, the State's evidentiary burden to prove the enhancement allegations is satisfied, and the defendant cannot complain on appeal that the evidence is insufficient. *Hopkins v. State*, 487 S.W.3d 583, 587 (Tex. Crim. App. 2016); *Magic v. State*, 217 S.W.3d 66, 70 (Tex. App.—Houston [1st Dist.] 2006, no pet.).

Escobedo does not argue that there was insufficient evidence to support the enhancement paragraphs. Instead, he argues that the notice of enhancement was defective because it did not contain language regarding the sequence of his two prior convictions. The State responds that Escobedo did not object or otherwise raise an issue regarding the notice in the trial court, and therefore any complaint about it on appeal is waived. We agree.

Escobedo did not raise any objection in the trial court to the use of the prior convictions to enhance the punishment range to the habitual status. Any challenge to the adequacy of the notice is waived. *See* TEX. R. APP. P. 33.1(a); *Terrell v. State*, No. 01-14-00746-CR, 2016 WL 4374959, at *5 (Tex. App.—Houston [1st

Dist.] Aug. 16, 2016, no pet.) (mem. op., not designated for publication) (holding appellant's failure to object waived challenge to adequacy of notice of enhancement to habitual felony offender).

Moreover, even if he had objected, Escobedo could not prevail. Escobedo pleaded true to the enhancement allegations. This relieved the State of its burden to prove the existence of the prior convictions, their sequential nature, and that Escobedo was the person who committed them. *See Hopkins*, 487 S.W.3d at 587 (stating when defendant pleads true to enhancement allegations, State is relieved of burden to prove them); *Magic*, 217 S.W.3d at 70 (same). In *Hopkins*, the appellant argued that the sequence of the second alleged conviction in the notice pleading was unclear because the State omitted the year of that conviction. *Hopkins*, 487 S.W.3d at 586. The appellant argued that the State had the burden to present evidence of the sequence. *Id.* The Court of Criminal Appeals held that because the defendant pleaded true to the enhancements, the State's burden to prove the allegations, including their sequence, was satisfied. *Id.* at 586–87. Additionally, the court noted that the record supported the enhancement allegations and their sequence. *Id.* at 587. As in *Hopkins*, Escobedo pleaded true to the enhancements, and the record supports the enhancement allegations. The evidence showed that Escobedo previously had been finally convicted of two felonies and that the second

felony conviction occurred after the first felony conviction became final. We overrule Escobedo's first issue.

## Jury Charge

Escobedo next argues that the jury charge improperly instructed the jury as to the minimum punishment because the notice of enhancement did not state that the two prior convictions used to enhance his sentence occurred in sequential order. We disagree.

We review potential jury charge error using a two-step review to determine whether reversal is required. *Ngo v. State*, 175 S.W.3d 738, 744 (Tex. Crim. App. 2005); *Vernon v. State*, 571 S.W.3d 814, 826 (Tex. App.—Houston [1st Dist.] 2018, pet. ref'd). We first decide whether error exists in the charge. *Ngo*, 175 S.W.3d at 744. If we determine an error exists, we next determine whether sufficient harm resulted from the error requiring reversal. *Id.* The level of harm necessary for reversal depends on whether the appellant properly objected to the error. *Abdnor v. State*, 871 S.W.2d 726, 732 (Tex. Crim. App. 1994). When as here, the appellant fails to preserve error, we review the charge error under the "egregious harm" standard articulated in *Almanza v. State*, 686 S.W.2d 157 (Tex. Crim. App. 1984); *Jordan v. State*, 593 S.W.3d 340, 346 (Tex. Crim. App. 2020) (citing *Almanza*, 686 S.W.2d at 171).

We first determine whether error occurred; if error did not occur, our analysis ends. *Kirsch v. State*, 357 S.W.3d 645, 649 (Tex. Crim. App. 2012). The State provided Escobedo notice of two prior felony convictions it intended to use to enhance his punishment. The trial court and Escobedo questioned the venire members on the habitual punishment range, Escobedo pleaded true to both enhancements, and he agreed to stipulate that he was the person named in the judgments for the two enhancements. He did not object to the admission of the judgments into evidence. The evidence showed that Escobedo previously had been finally convicted of two felonies and that the second felony was for an offense that he committed after the first felony conviction became final. The jury charge included the sequential language from the habitual offender statute. Escobedo's proper punishment range was confinement for 25 to 99 years or life as a habitual offender. TEX. PENAL CODE § 12.42(d).

Having concluded that there was no error in the jury charge, we overrule Escobedo's second issue.

## Conclusion

We affirm the judgment of the trial court.

Peter Kelly
Justice

Panel consists of Justices Kelly, Hightower, and Guerra.

Do not publish. TEX. R. APP. P. 47.2(b).