**AFFIRMED and Opinion Filed May 22, 2024**



**In The**

# Court of Appeals
# Fifth District of Texas at Dallas

**No. 05-23-01103-CR**

**MATTHEW CORY TAYLOR, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 416th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 416-84887-2023**

## MEMORANDUM OPINION

Before Justices Reichek, Goldstein, and Garcia
Opinion by Justice Garcia

A jury convicted appellant of aggravated robbery and assessed punishment at thirty years in prison. In a single issue, appellant now argues the evidence is insufficient to establish his identity as the robber. As discussed below, we affirm the trial court's judgment.

## I. BACKGROUND

On the day in question, Anderson Walker was awakened in the early morning hours by an unknown noise. When he opened his bedroom door to investigate, he was held at gunpoint by an unknown white male in a black mask, and Destiny Jones, the daughter of one of his acquaintances.

Jones and the other intruder forced their way into Walker's bedroom. The masked male threatened to shoot Walker, forced him to the ground, and demanded to know the location of Walker's safe. Walker was then forced into his closet. After the intruders left, Walker called 911.

Several items were taken from Walker's home, including Walker's keys, wallet, one of his phones, a DVD player, a tablet, and several bottles of alcohol. The case was assigned to Detective Mary Jung with the Plano Police Department.

Walker told Jung that the male, and possibly Jones, had been wearing a black gaiter-type mask. Walker described the man as fairly tall, not super tall, but maybe around 6 foot or so and weighed about 200 pounds. Walker was fairly confident that the woman accompanying the man was Destinee Jones. According to Walker, Jones had previously stolen about $800 from a safe in his apartment.

Detective Jung and the "intel unit" immediately began investigating and through Jones's Instagram account, learned that she appeared to be in a romantic relationship with a white man named Matthew Taylor. They also discovered that appellant drove a white Toyota Camry, lived less than one mile from Walker's apartment, and was photographed driving that Camry at a 7-Eleven near Walker's apartment shortly after the robbery.

Later that day, the police found the Toyota Camry at a motel in Richardson. Appellant and Jones were arrested when they exited the motel. Appellant was found with the keys to the Camry in his pocket, as well as a black gaiter mask matching

the description of the one worn by the male robber. When the police searched the Camry they found Walker's stolen possessions, including his keys, DVD player, phone, and tablet. They also found an airsoft gun and a backpack full of alcohol bottles.

Detectives seized appellant's phone and, pursuant to a warrant, extracted his text messages. Detective Steve Sanders, who performed the extraction, discovered that approximately one week prior to the robbery, appellant and Jones discussed "hitting a lick" (committing a robbery) of a man Jones knew had a safe. During this conversation, appellant warned Jones, "I ain't trynna hit no lick on a petty ass amount," and she reassured him, "I told you I got a job. I know how much he got in the safe, w[h]ere he keeps it and how to unlock it."

Detective Sanders also discovered that shortly before appellant's arrest at the Richardson motel, appellant was texting numerous phone contacts, trying to sell several "brand new alcohol bottles," complete with pictures of the bottles. Walker confirmed that the bottles matched those taken from his apartment.

Officer Logan Riley with the Garland Police Department testified that the Plano Police Department reached out to him concerning his previous interactions with appellant. Officer Riley said that he had interactions with Jones and appellant on three occasions. Each time he interacted with them appellant was driving a white Toyota Camry.

The jury found appellant guilty as charged. After hearing punishment evidence, the jury assessed punishment at thirty years in prison. This timely appeal followed.

## II. ANALYSIS

Appellant's complaint regarding the sufficiency of the evidence is confined to the issue of identity. Specifically, he argues the evidence was insufficient to support the jury's finding that he committed the offense because he does not match Walker's description of the male who invaded Mr. Walker's home, his fingerprints were not found on the weapon, and there was no evidence establishing his physical presence at the robbery's location.

In reviewing the sufficiency of the evidence, we view all the evidence in the light most favorable to the verdict, and determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 313 (1979); *Brooks v. State*, 323 S.W.3d 893, 899 (Tex. Crim. App. 2010). We assume the fact finder resolved conflicts in the testimony, weighed the evidence, and drew reasonable inferences in a manner that supports the verdict. *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). We defer to the trier of fact's determinations of witness credibility and the weight to be given their testimony. *Brooks*, 323 S.W.3d at 899. Circumstantial evidence is as probative as direct evidence in establishing the guilt of an actor, and circumstantial evidence alone can be sufficient to establish guilt. *Hooper v. State*, 214 S.W.3d 9,

13 (Tex. Crim. App. 2007). The State may prove a defendant's identity by either direct or circumstantial evidence, coupled with all reasonable inferences from that evidence. *Gardner v. State*, 306 S.W.3d 274, 285 (Tex. Crim. App. 2009). The same standard of review is used for both circumstantial and direct evidence cases. *Hoop*er, 214 S.W.3d at 13.

Aggravated robbery incorporates the elements of the lesser offense of robbery. TEX. PENAL CODE ANN. § 29.03(a). A person commits aggravated robbery if he "places another in fear of imminent bodily injury or death" or "uses or exhibits a deadly weapon" while in the process of committing a robbery. TEX. PENAL CODE ANN. § 29.03(a). A person commits a robbery if, during the commission of a theft, he places another in fear of bodily injury. *Id.* § 29.02(a); *see also Burton v. State*, 510 S.W.3d 232, 236 (Tex. App.—Fort Worth 2017, no pet.).

Appellant argues that he is far shorter and weighs less than the man Walker described and there is no GPS data placing him at the scene of the crime. He further relies on the absence of fingerprints on the weapon or any of the items taken from Walker's home. These arguments are misplaced.

"The lack of physical or forensic evidence . . . does not render the evidence insufficient; the lack of such evidence is simply a factor for the jury to consider in weighing all the evidence." *Hopkins v. State*, No. 05-14-00146-CR, 2015 WL 3413582, at *3 (Tex. App.—Dallas May 28, 2015) (mem. op., not designated for publication), *aff'd*, 487 S.W.3d 583 (Tex. Crim. App. 2016) (citations omitted).

Furthermore, "[w]hat is not in evidence is irrelevant to a determination of the sufficiency of the evidence." *Id.* (citing *Chambers v. State*, 711 S.W.2d 240, 245 (Tex. Crim. App. 1986)). We defer to the jury's determination concerning the weight of the evidence. *See Harrell v. State*, 620 S.W.3d 910, at 913–14 (Tex. Crim. App. 2021). The credibility of Walker's physical description of appellant was also for the jury to decide. *See Earls v. State*, 707 S.W.2d 82, 85 (Tex. Crim. App. 1986) (any discrepancies in the description of appellant's clothing or appearance goes to the weight and credibility of the witnesses); *Montgomery v. State*, 369 S.W.3d 188, 192 (Tex. Crim. App. 2012) (jury is the sole judge of the credibility of witnesses and the weight afforded their testimony); *Bradley v. State*, 359 S.W.3d 912, 917 (Tex. App.–Houston [14th Dist.] 2012, pet. ref'd) (jury alone decides whether to believe eyewitness testimony, and it resolves any conflicts in the evidence).

The evidence shows appellant was in Jones's company planning a robbery a week before the offense. Appellant was in possession of Walker's stolen property and the robber's disguise immediately after the offense. The jury may draw an inference of guilt when a defendant is found in unexplained possession of recently stolen property, although the inference is not conclusive. *See Hardesty v. State*, 656 S.W.2d 73, 76–77 (Tex. Crim. App. 1983); *see also Louis v. State*, 159 S.W.3d 236, 248 (Tex. App.—Beaumont 2005, pet. ref'd) (jury could infer that appellant was one of gunmen who committed robbery when he was found a short time later with the stolen items in close proximity after attempting to hide from police). In addition, the

evidence showed that appellant drove a white Toyota Camry and was photographed driving that vehicle near Walker's residence shortly after the robbery. And on the day of his arrest, appellant was trying to sell the bottles of liquor taken from Walker's home.

On this record, a rational trier of fact could have concluded beyond a reasonable doubt that appellant committed aggravated robbery. *See Harris v. State*, No. 05-18-01506-CR, 2020 WL 4218035, at *5 (Tex. App.—Dallas July 23, 2020, pet. ref'd) (mem. op., not designated for publication); *see also Price v. State*, 502 S.W.3d 278, 283 (Tex. App.—Houston [14th Dist.] no pet.). We therefore hold the evidence is sufficient to support appellant's conviction, and overrule his sole issue. The trial court's judgment is affirmed.

/Dennise Garcia/
DENNISE GARCIA
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)
231103F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

MATTHEW CORY TAYLOR,
Appellant

No. 05-23-01103-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 416th Judicial
District Court, Collin County, Texas
Trial Court Cause No. 416-84887-
2023.
Opinion delivered by Justice Garcia.
Justices Reichek and Goldstein
participating.

     Based on the Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.

Judgment entered May 22, 2024