

# NUMBER 13-23-00347-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

AGAPITO CASTELLANO,                                                    Appellant,

v.

THE STATE OF TEXAS,                                                    Appellee.

## ON APPEAL FROM THE 156TH DISTRICT COURT
## OF BEE COUNTY, TEXAS

## MEMORANDUM OPINION

**Before Justices Benavides, Longoria, and Silva**
**Memorandum Opinion by Justice Silva**

Appellant Agapito Castellano was indicted on charges of murder, a first-degree felony (Count I), and unlawful possession of a firearm by a felon, a third-degree felony (Count II). *See* TEX. PENAL CODE ANN. §§ 19.01, 46.04. A jury returned a guilty verdict on the lesser-included offense of manslaughter, a second-degree felony, and unlawful

possession of a firearm by a felon. *See id.* §§ 19.04, 46.04. The State alleged that each conviction should be enhanced for punishment purposes, and appellant entered a plea of true to two prior felony convictions: unlawful possession of a firearm by a felon, and forging a government instrument. *See id.* §§ 12.42(d), 32.21, 46.04. Appellant was sentenced by the trial court to sixty-five years' and thirty years' incarceration for Counts I and II, respectively.

Appellant argues two issues on appeal: (1) the evidence is legally insufficient to establish the identity element of his manslaughter conviction; and (2) the trial court entered a void sentence outside the statutory punishment range. We affirm as modified.

## I.    BACKGROUND

On September 21, 2022, Beeville Police Department (BPD) officers responded to a call that a male with injuries was being transported to Christus Spohn Hospital. When police arrived at the hospital, they identified the injured male as Rocky Vela. BPD Officer Thomas Dozier observed that Vela suffered a gunshot wound to his abdomen. Vela succumbed to his injuries in the hospital on September 28, 2022. An autopsy revealed that the gunshot wound was the cause of death.

At trial, Vela's ex-girlfriend, Yolanda Mendez, testified that Vela was at her home the morning he was shot. Mendez further testified that she was arguing with Vela outside the home when she heard a loud bang, but she did not see anyone with a gun. Mendez stated that four others were also present at the time of the shooting.

Morales testified that he was a close friend of Vela and that he and a man named "D-Town" were present when Vela was shot. Morales identified appellant in court as "D-Town." Morales recounted that he came outside after hearing Vela and Mendez arguing,

saw Vela push Mendez, and then witnessed appellant shoot Vela immediately thereafter. Morales also stated that he saw at least one bullet hit Vela and the additional bullets go into Mendez's home. Morales further testified that appellant had previously showed him a gun inside Mendez's home and indicated to Morales that if Vela went to Mendez's home and "disrespected anybody or anyone, [appellant] was going to shoot him."

Appellant was arrested in Dallas County and BPD Sergeants Joshua Meakins and Jonell Cisneros transported him to Bee County. During the transport, appellant questioned how officers could "charge" him if they "did not locate a gun." Officers were unable to locate the firearm used to shoot Vela but they found three .380 caliber shell casings and a bullet lodged in the wall paneling of Mendez's home. The State's firearm examiner testified that those shell casings were fired from the same firearm that shot Vela.

The State indicted appellant on charges of murder and unlawful possession of a firearm by a felon on December 14, 2022, and filed a notice of intent to enhance punishment on June 22, 2023. The notice alleged that appellant was twice previously convicted of felonies and that appellant was therefore a habitual felony offender (HFO). The jury returned guilty verdicts on the lesser-included offense of manslaughter and unlawful possession of a firearm by a felon. Appellant elected to have the trial court assess his punishment and he pleaded true to the State's enhancement allegations before the court. Appellant was sentenced to sixty-five years' imprisonment on Count I and thirty years' imprisonment on Count II, with the sentences to run concurrently. This appeal followed.

## II.    LEGAL SUFFICIENCY

By appellant's first issue, he argues that the evidence was legally insufficient to support the jury's finding of guilt on the manslaughter charge.

## A.    Standard of Review and Applicable Law

"To satisfy constitutional due process requirements, a criminal conviction must be supported by sufficient evidence." *Perez v. State*, 689 S.W.3d 369, 377 (Tex. App.—Corpus Christi–Edinburg 2024, no pet.) (quoting *Laster v. State*, 275 S.W.3d 512, 517 (Tex. Crim. App. 2009)). In assessing the legal sufficiency of the evidence to support a criminal conviction, we consider "all the evidence in the light most favorable to the verdict and determine whether, based on that evidence and reasonable inferences therefrom, a rational juror could have found the essential elements of the crime beyond a reasonable doubt." *Hammack v. State*, 622 S.W.3d 910, 914 (Tex. Crim. App. 2021); *see Jackson v. Virginia*, 443 U.S. 307, 318 (1979). Therefore, in analyzing legal sufficiency, we defer to the jury's credibility and weight determinations because the jury is the "sole judge" of witnesses' credibility and the weight to be given testimony. *Martin v. State*, 635 S.W.3d 672, 679 (Tex. Crim. App. 2021) (citing *Garcia v. State*, 367 S.W.3d 683, 687 (Tex. Crim. App. 2012)); *see Jackson*, 443 U.S. at 319.

We measure legal sufficiency by the elements of the offense as defined by the hypothetically correct jury charge. *Baltimore*, 689 S.W.3d at 341; *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). "Such a charge [is] one that accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately

describes the particular offense for which the defendant was tried." *Malik*, 953 S.W.2d at 240.

To sustain a conviction of manslaughter, the evidence must show that: (1) a person; (2) recklessly; (3) caused the death of an individual. TEX. PENAL CODE ANN. § 19.04; *Britain v. State*, 412 S.W.3d 518, 520 (Tex. Crim. App. 2013). "Identification of the defendant as the person who committed the offense charged is part of the State's burden of proof beyond a reasonable doubt." *Wiggins v. State*, 255 S.W.3d 766, 771 (Tex. App.—Texarkana 2008, no pet.) (citing *Miller v. State*, 667 S.W.2d 773, 775 (Tex. Crim. App. 1984)). Therefore, the burden in this case was on the State to show that appellant was the person who recklessly caused the death of the victim.

Identity of the perpetrator may be proven by direct or circumstantial evidence. *Ingerson v. State*, 559 S.W.3d 501, 509 (Tex. Crim. App. 2018); *Wiggins*, 255 S.W.3d at 771. "Direct evidence and circumstantial evidence are equally probative, and circumstantial evidence alone may be sufficient to uphold a conviction so long as the cumulative force of all the incriminating circumstances is sufficient to support the conviction." *Ramsey v. State*, 473 S.W.3d 805, 809 (Tex. Crim. App. 2015); *Hooper*, 214 S.W.3d at 13. "The sufficiency of the evidence is then determined from the cumulative effect of all the evidence; each fact in isolation need not establish the guilt of the accused." *Wiggins*, 255 S.W.3d at 771.

## B.    Discussion

Appellant argues that the evidence is legally insufficient to prove that he was the person who committed the offense because there exists reasonable doubt as to his

5

identity as the shooter. Appellant contends that the only evidence linking appellant to the offense was Morales's eyewitness testimony and that his testimony lacked credibility.

However, "[a]s a reviewing court, we may not reevaluate the weight and credibility of the evidence in the record and thereby substitute our own judgment for that of the factfinder." *See Braughton v. State*, 569 S.W.3d 592, 608 (Tex. Crim. App. 2018). Morales witnessed the shooting and identified appellant as the shooter in court. Accordingly, this evidence alone, viewed in a light most favorable to the verdict, was sufficient to support a rational jury's finding beyond a reasonable doubt that appellant was the shooter. *See Hammack*, 622 S.W.3d at 914; *Threadgill v. State*, 146 S.W.3d 654, 663 (Tex. Crim. App. 2004) (holding that evidence was legally sufficient to support a rational jury's finding that appellant was the individual who shot the complainant where he was identified by eyewitnesses); *see also Payton v. State*, No. 14-20-00175-CR, 2021 WL 4472522, at *4 (Tex. App.—Houston [14th Dist.] Sept. 30, 2021, no pet.) (mem. op., not designated for publication) (concluding same where shell casings at the scene were fired from the same weapon appellant was known to carry).

Nevertheless, appellant argues that Morales's testimony was not credible because his testimony was self-serving, and Morales was reluctant to testify. These contentions attack the credibility of the witnesses' testimony, not its sufficiency. "[T]he jury is the sole judge of the witnesses' credibility and the weight to be given their testimony." *Brooks v. State*, 323 S.W.3d 893, 899 (Tex. Crim. App. 2010); *Ghanem v. State*, 689 S.W.3d 354, 367 (Tex. App.—Corpus Christi–Edinburg 2024, pet. ref'd). Thus, the jury could have rationally chosen to believe Morales's testimony regarding the identity of the shooter. *See Henderson*, 582 S.W.3d at 355.

Accordingly, we hold that there was legally sufficient evidence to support appellant's conviction of manslaughter. We overrule appellant's first issue.

### III.  VOID SENTENCE

By his second issue, appellant argues that the trial court entered a void sentence on Count II because it was outside of the punishment range for the offense he was convicted of.

### A.  Applicable Law

As a general rule, a sentence will not be disturbed on appeal if it is within its statutory range of punishment. *Jackson*, 680 S.W.2d at 814. But "[a] sentence that is outside the maximum or minimum range of punishment is unauthorized by law and therefore illegal" and void. *Mizell v. State*, 119 S.W.3d 804, 806 (Tex. Crim. App. 2003); *see also Gutierrez v. State*, No. 13-22-00042-CR, 2023 WL 4662952, at *3 (Tex. App.—Corpus Christi–Edinburg July 20, 2023, no pet.) (mem. op., not designated for publication).

If it is shown on the trial of a felony offense other than a state jail felony that the defendant has previously been finally convicted of two felony offenses, and the second previous felony conviction is for an offense that occurred subsequent to the first previous conviction having become final, a convicted defendant may be punished by imprisonment in the Texas Department of Criminal Justice for life, or for any term of not more than ninety-nine years' or less than twenty-five years'. TEX. PENAL CODE ANN. § 12.42(d).

To establish a defendant's conviction of a prior offense for sentencing enhancement purposes, the State must prove beyond a reasonable doubt that (1) a prior final conviction exists, and (2) the defendant is linked to that conviction. *Flowers v. State*,

220 S.W.3d 919, 921 (Tex. Crim. App. 2007); *Rogers v. State*, 599 S.W.3d 321, 322–23 (Tex. App.—Houston [14th Dist.] 2020, no pet.). Once a defendant pleads true to the enhancement allegations, the State is relieved of its burden to prove the allegations because a plea of "true" constitutes sufficient evidence to support the enhancement allegation. *Hopkins v. State*, 487 S.W.3d 583, 586 (Tex. Crim. App. 2016); *Wilson v. State*, 671 S.W.2d 524, 526 (Tex. Crim. App. 1984) (holding that appellant's judicial confession was a sufficient basis for the trial court to find the enhancement paragraphs true).

## B.    Discussion

Appellant contends that the trial court erred by entering an incorrect judgment of conviction for Count II and in sentencing appellant outside the proper punishment range for that conviction. However, appellant does not explain the alleged defects of the indictment, offers no further explanation as to why his sentence was outside the proper punishment range,[1] does not refer us to any cases applying the law to facts similar to the instant case, and otherwise provides no pertinent legal authority related to the issue.[2] *See* TEX. R. APP. P. 38.1(i) (stating that appellant's brief must "contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record"); *Lopez v. State*, 672 S.W.3d 915 (Tex. App.—Corpus Christi–Edinburg 2023, pet. ref'd) (finding that appellant's issue was waived through failure to provide citations to the record and to pertinent legal authority). "[A]n appellate court has no 'obligation to construct and compose [an] appellant's issues, facts, and arguments with appropriate

---

[1] Appellant cites only to two pages of the record in support of his contention: the verdict form for Count I, and the court's finding during the punishment phase for Count II.

[2] In his brief, appellant points us to a line of cases that only discuss preservation of error and a defendant's general right to be sentenced within the proper range, but none are specifically pertinent to his issue on appeal.

citations to authorities and to the record.'" *Wolfe v. State*, 509 S.W.3d 325, 343 (Tex. Crim. App. 2017) (quoting *Busby v. State*, 253 S.W.3d 661, 673 (Tex. Crim. App. 2008)). Therefore, appellant has waived this issue through inadequate briefing. *See* TEX. R. APP. P. 38.1(i).

Even if the issue had been preserved, however, the punishment assessed for Count II by the trial court was within the proper punishment range and the sentence was not void. Appellant was convicted of unlawful possession of a firearm by a felon, a third-degree felony, and the trial court sentenced the appellant to thirty years' imprisonment. The punishment range for Count II was enhanced due to appellant's status as an HFO, which increased his punishment range to that of a first-degree felony offense. *See* TEX. PENAL CODE ANN. § 12.42(d). The two prior convictions used for enhancement were alleged in the State's notice to enhance punishment for Count II: unlawful possession of firearm by a felon and forgery of a government instrument. *See id.* §§ 32.21, 46.04. Appellant pleaded true before the trial court. Accordingly, the trial court sentenced appellant within the appropriate punishment range at life, or for any term of not more than ninety-nine years' or less than twenty-five years' imprisonment. *See id.* § 12.42(d).

### IV.    MODIFICATION OF JUDGMENT

The trial court orally pronounced that appellant's sentences for Counts I and II shall run concurrently. However, the judgment of conviction states: "THIS SENTENCE SHALL RUN: N/A." This Court may modify a judgment when we have the necessary information to do so. *See* TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993); *Simmons v. State*, 672 S.W.3d 821, 829 (Tex. App.—Corpus Christi–Edinburg 2023, no pet.). Accordingly, we modify the judgment to provide that the sentences for

Counts I and II shall run concurrently. *See Coffey v. State*, 979 S.W.2d 326, 328 (Tex. Crim. App. 1998) ("[W]hen there is a variation between the oral pronouncement of [a] sentence and the written memorialization of the sentence, the oral pronouncement controls.").

### V. CONCLUSION

We affirm the trial court's judgment as modified.

CLARISSA SILVA
Justice

Do not publish.
TEX. R. APP. P. 47.2 (b).

Delivered and filed on the
24th day of October, 2024.